UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
B.W. o/b/o K.S., a minor, and
T.S. o/b/o J.W., a minor,                         Civil Action No.
                                                  09 Civ. 6686 (RMB) (HBP)
                    Plaintiffs,

         -against-                                AFFIDAVIT OF ATTORNEY

NEW YORK CITY DEPARTMENT
OF EDUCATION,

                    Defendant.
-----------------------------------------------------------x

STATE OF NEW YORK   )
COUNTY OF NEW YORK ) ss.:

    MICHAEL D. HAMPDEN, being duly sworn, deposes and says:

    1.    I am an attorney with Partnership for Children's Rights (PFCR), attorneys for plaintiffs in this action. I make this affidavit in support of plaintiffs' motion for summary judgment awarding attorney's fees and costs as prevailing parties in administrative due process proceedings, and in this action, pursuant to 20 U.S.C. § 1415(i)(3), the attorney's fees provision of the Individuals with Disabilities Education Improvement Act of 2004 (IDEA).

    2.    PFCR, by volunteer attorney Marilyn C. Mazur, Esq., represented plaintiffs B.W. and T.S., on behalf of K.S. and J.W., respectively, students with disabilities, in their Impartial Hearings held in accordance with the IDEA.

    3.    In 2006, at the time of the Impartial Hearings at issue, PFCR was known as Legal Services for Children, Inc. For uniformity, the term PFCR will be used in these papers to indicate the organization, from the time of the hearings in issue to the present.

4. PFCR is a charitable, not-for-profit corporation authorized by the Appellate Division of the Supreme Court of the State of New York to provide legal services without fee to low-income families in civil legal matters involving the rights of children, including children with disabilities seeking special education placements and services to which they may be entitled under the IDEA and state law.

5. PFCR is a means-based organization for families who would otherwise be financially unable to afford legal representation for their disabled children. PFCR charges no attorney's fees to its clients.

6. In addition to charitable giving and foundation grants, PFCR relies on the recovery of statutory attorney's fees allowed by federal law to provide operating revenue for the ongoing work of the organization.

7. Fees awarded are not payable to any individual staff person, but are used to strengthen PFCR's capability to assist more disabled children in pursuing their urgent educational needs.

8. Plaintiffs were prevailing parties at the Impartial Hearings and as such are entitled to reasonable attorney's fees and costs under the IDEA, §1415(i)(3)(B).

9. Subsequent to each Impartial Hearing decision PFCR duly requested the defendant New York City Department of Education (DOE) to pay attorney's fees authorized by the IDEA in connection with each hearing. See Exh. J (B.W. attorney's fees request); Exh. T (T.S. attorney's fees request).

10. The DOE has failed or refused PFCR's requests to pay attorney's fees incident to plaintiffs' Impartial Hearings.

11. Both requests for attorney's fees were in writing, with the following attachments: (1) a contemporaneously maintained chronological timesheet, computed to one-tenth of an hour for each task performed, (2) an affidavit by Ms. Mazur attesting to the provision of the services identified in the request, (3) a copy of the PFCR retainer agreement with the parent, (4) PFCR's hourly rates in accordance with its attorney's fees policy, based on an attorney's years of legal practice, (5) a written authorization by each plaintiff for PFCR to demand and receive such fees and costs, and (6) a general release of the DOE signed on behalf of PFCR.

12. Ms. Mazur's resume was on file with the DOE at the time of her request for attorney's fees in plaintiffs' cases.

13. Plaintiffs' retainer agreements with PFCR provided that the organization will not charge plaintiffs a fee for its services, but that PFCR may ask a Court to order the DOE to pay reasonable attorney's fees and costs.

14. Plaintiffs executed written assignments to PFCR of their right to request and receive attorney's fees as prevailing parties in their IDEA proceedings. Exh. L ( plaintiff B.W.); Exh. U (plaintiff T.S.).

15. The hours expended by Ms. Mazur in connection with each Impartial Hearing were reasonable in relation to the services required and performed.

16. The fees requested were based on prevailing hourly rates in the community for similar services provided by attorneys with comparable professional experience.

17. The hourly rate charged by Ms. Mazur was specified in PFCR's written attorney's fees policy, which is based on each attorney's years of legal practice. At the

time the legal services were provided to plaintiffs B.W. and T.S., Ms. Mazur was an attorney with more than 15 years in the practice of law, and as such was at "senior partner" level under the PFCR fee policy, specifying $375.00 per hour.

18. In accordance with the IDEA, the PFCR fee policy reflects "rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished," § 1415(i)(3)(C), and incorporates "the hourly rate[s] prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience," § 1415(i)(3)(F).

19. The PFCR attorney's fees policy in effect at the time plaintiffs' Impartial Hearings were held, was issued on October 28, 2005. A copy of that policy is submitted herewith as Exhibit B.

20. The hourly rates set forth in this policy were in effect on the dates of the first tasks billed in each case. Under that policy, Ms. Mazur, an attorney with more than 15 years' legal practice, billed at $375.00 per hour ("Senior Partner" level).

21. PFCR's hourly rates for senior partner level attorneys in IDEA cases were approved by this Court in M.S. v. New York City Board of Education, No. 01 Civ. 4015 (CBM), 2002 WL 31556385 (S.D.N.Y. Nov. 18, 2002), and were affirmed by the Second Circuit Court of Appeals in A.R. v. New York City Department of Education, 407 F.3d 65 (2d Cir. 2005).

22. Since the M.S. and A.R. decisions, rendered in 2002 and 2005 respectively, PFCR has made modest increases in its hourly rates, to reflect prevailing rates charged by attorneys specializing in education law in this District, and to reflect rates approved by this Court. The partner level rate requested for Ms. Mazur in this

application ($375.00), is only $25.00 higher than the $350.00 senior partner level rate approved in M.S. and A.R., which had been in effect since 2001.

23. PFCR requests this Court to approve the hourly rate of $375.00 for Ms. Mazur, as provided by PFCR's attorney's fees policy applicable to plaintiffs' cases.

24. For each plaintiff the following table (adapted from the Amended Complaint), sets forth the Impartial Hearing Case Number, the dates of the Impartial Hearings, the dates of the Impartial Hearing decisions, and the attorney's fees requested:

| Plaintiff | Impartial Hearing Office Case Number | Impartial Hearing Date(s) | Impartial Hearing Decision Date | Attorney's Fees Requested |
|---|---|---|---|---|
| B.W. o/b/o K.S. | 104295 | 4/27/06 5/24/06 6/9/06 6/13/06 6/19/06 | 7/31/06 | $18,642.50 |
| T.S. o/b/o J.W. | 105046 | 7/14/06 | 8/1/06 | $2,512.50 |
| **TOTAL** | | | | $21,155.00 |

25. Submitted herewith are the timesheets for plaintiffs' cases, detailing the date of each task performed, the hours for each task computed to tenths of an hour, a description of the work performed, Ms. Mazur's hourly rate under the PFCR policy, and the fees requested (hours multiplied by rate). See Exh. K (B.W. timesheet); Exh. U (T.S. timesheet).

26. Plaintiffs' timesheets reflect contemporaneous time records kept by Ms. Mazur during the course of the administrative proceedings herein.

27. Reasonable billing judgment was exercised with regard to all legal tasks performed. No costs have been billed in either of the plaintiffs' administrative hearings.

Attorney travel time has been billed at $187.50, one-half Ms. Mazur's hourly rate, in accordance with settled law in this Circuit.

28. In accordance with the IDEA, no bonus or multiplier was used in calculating the fees requested, § 1415(i)(3)(C); no fees are requested in relation to any IEP meeting or mediation, § 1415(i)(3)(D)(ii); and no fees are requested subsequent to the time of any written offer of settlement to the parent, which under the IDEA could limit a fee recovery, § 1415(i)(3)(D)(i). In accordance with the statute, no fees are requested for time spent in development of the student's Individualized Education Program (IEP), Committee on Special Education (CSE) meetings, or resolution sessions held as part of the Impartial Hearing process. § 1414(i)(3)(D)(ii)-(iii).

29. As detailed in the accompanying timesheets, for plaintiff B.W.'s hearing, PFCR requests approval of $18,642.50 for 58.9 hours expended, and for T.S.'s hearing, $2,512.50 for 7.7 hours expended. Exh. K (B.W. timesheet); Exh. U (T.S. timesheet).

30. At this time I respectfully request leave to file a supplemental affidavit and timesheet for tasks performed in this district court action, at the time plaintiffs' reply papers are due, that will support plaintiffs' request for reasonable costs and fees incident to this action.

WHEREFORE, for the reasons stated herein and in the accompanying affidavit of Marilyn C. Mazur, Esq. and plaintiffs' Memorandum of Law, and in all the papers and proceedings herein, I respectfully request that this Court award reasonable attorney's fees for PFCR's work incident to plaintiffs' Impartial Hearings, and in this district court action, in the following amounts:

|  |  |
|---|---|
| Impartial Hearing, B.W. o/b/o K.S. | $18,642.50 |
| Impartial Hearing, T.S. o/b/o J.W. | 2,512.50 |
| Federal court action | TO BE REQUESTED |

_____
MICHAEL D. HAMPDEN

Sworn to before me this
23rd day of November, 2009

_____
Notary Public

HOWARD S. DAVIS
Notary Public, State of New York
No. 0876325
Qualified in Nassau County
Commission Expires August 31, 2013