UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
B.W. o/b/o K.S., a minor, and
T.S. o/b/o J.W., a minor,

                Civil Action No.
                09 Civ. 6686 (RMB) (HBP)

       Plaintiffs,

      -against-                  AFFIDAVIT OF ATTORNEY

NEW YORK CITY DEPARTMENT
OF EDUCATION,

       Defendant.
-------------------------------------------------------------x

STATE OF NEW YORK   )
COUNTY OF NEW YORK ) ss.:

      MARILYN C. MAZUR, being duly sworn, deposes and says:

      1.    I am an attorney duly admitted to practice in the State of New York. I reside at 924 West End Avenue, New York, New York 10025.

      2.    I make this affidavit in support of plaintiffs' motion for summary judgment awarding attorney's fees as prevailing parties, pursuant to 20 U.S.C. § 1415(i)(3), the attorney's fees provision of the Individuals with Disabilities Education Improvement Act of 2004 (IDEA).

      3.    From 2000 to 2009 I was a volunteer attorney with Partnership for Children's Rights (PFCR), attorneys for plaintiffs in this action. As a PFCR volunteer attorney, I represented the plaintiffs, B.W. and T.S., on behalf of their children, K.S. and J.W., respectively, at Impartial Hearings conducted pursuant to the IDEA. (In 2006, at the time of both plaintiffs' hearings, PFCR was known as Legal Services for Children, Inc.).

4. This affidavit sets forth my experience and qualifications upon which my hourly rate was determined under the PFCR attorney's fees policy, and also details the services I performed and the time I expended for plaintiffs B.W. and T.S.

<u>EXPERIENCE, QUALIFICATONS, AND HOURLY RATE</u>

5. I received my J.D. degree *cum laude* from New York University School of Law in 1972, and my B.A. degree from Barnard College in 1964. I was admitted to practice in the courts of the State of New York in 1973. A copy of my resume that was on file with the DOE at the time of plaintiffs' Impartial Hearings, is submitted herewith as Exhibit A.

6. After joining PFCR as a volunteer attorney in 2000, I specialized in the practice of education law, handling numerous Impartial Hearings under the IDEA.

7. Prior to my volunteer work with PFCR, I served as Senior Counsel, HarperCollins Publishers, Inc. (1993-96); as Pro Bono Cooperating Attorney, American Civil Liberties Union, Children's Rights Project, and New York Civil Liberties Union (1990-91); as Assistant, then Associate Counsel, Time Incorporated, Magazine Law Department (1982-85); as Staff Attorney, New York State Moreland Act Commission (1975); and as Litigation Associate, Wachtell, Lipton, Rosen & Katz (1972-75, 1980-81). I have served on the Copyright Committee of the Association of the Bar of the City of New York (1984-86), and the Access to Public Information and Proceedings Committee of the New York State Bar Association (1984-86).

8. During my association with PFCR, I attended annual Continuing Legal Education (CLE) training programs in special education law at the Practising Law Institute, as well as numerous CLE events presented by Legal Services for New York

(LSNY), including trainings in Impartial Hearing practice and procedure, compensatory education, pendency placements under the IDEA, and post-Impartial Hearing practice. I have also participated in LSNY's Education Law Task Force.

9. Prior to 2006, when I handled plaintiffs' Impartial Hearings herein, I had more than 15 years of experience as a practicing attorney in the State of New York. Under the PFCR attorney's fees policy, which specifies hourly rates for each PFCR attorney based on years of legal practice, my experience placed me in comparability to senior partner level in private practice, with an hourly rate $375.00. A copy of the PFCR attorney's fees policy in effect at the time of the Impartial Hearings in issue is submitted herewith as Exhibit B.

## TASKS PERFORMED – B.W. o/b/o K.S.

10. I represented plaintiff B.W., the grandmother and legal guardian of K.S., in Impartial Hearing Office Case No. 104295. In 2006, at the time the hearing was requested, K.S. was a severely learning disabled second-grader attending public school, who despite average cognitive abilities had not yet learned to read.

11. On March 16, 2006 I filed a written Impartial Hearing request on behalf of B.W., a copy of which is submitted herewith as Exhibit C.

12. The Impartial Hearing was requested to challenge the validity and appropriateness of K.S.'s then-current Individualized Education Program (IEP) dated December 19, 2005, which recommended a general education class with five periods per week of Special Education Teacher Support Services (SETSS) in a group of eight students. The December 19, 2005 IEP is submitted herewith as Exhibit D.

13. In the hearing request, B.W. sought the issuance of an order of the Impartial Hearing Officer (IHO) as follows: declaring that the New York City Department of Education (DOE) violated the "child find" provision of the IDEA, § 1412(a)(3), requiring school districts to identify, locate, and evaluate children with disabilities who are in need of special education and related services; finding that the DOE failed to provide K.S. with a free appropriate public education (FAPE) as required by the Act, § 1412(a)(1); and ordering the DOE to pay for K.S.'s tuition to the Stephen Gaynor School, a private special education school in which B.W. unilaterally enrolled K.S. for the 2006-2007 school year.

14. On April 18, May 25, and June 9, 2006, I prepared subpoenas for the production of documents by the DOE in connection with the Impartial Hearing. The subpoenas were so-ordered by IHO Theresa R. Joyner, Esq., and served upon the DOE. Copies are submitted herewith as Exhibit E.

15. On April 20, 2006, I served on the DOE copies of all documentary evidence I intended to introduce into evidence in the hearing. A copy of the evidence disclosure letter is submitted herewith as Exhibit F.

16. Five days of hearings were held, on April 27, May 24, June 9, June 13, and June 19, 2006, consuming 958 pages of hearing transcript. The primary issue litigated in the course of the hearing was the question of the DOE's asserted failure to provide a FAPE to K.S., as required by the IDEA. The hearing transcripts are submitted herewith as Exhibit G.

17. I submitted a Post-Hearing Memorandum of Law addressing two of the legal issues raised in the hearing: "child find" under the IDEA, and the availability of

direct tuition payment by the DOE to the private school as a permissible remedy under the IDEA. A copy of the memorandum is submitted herewith as Exhibit H.

18. The IHO issued her decision on July 31, 2006. In her decision, the IHO (1) found that the DOE violated the child find requirement of the IDEA; (2) determined that the DOE failed to provide a FAPE to K.S.; and (3) ordered the Committee on Special Education (CSE) to reconvene and offer an appropriate program for K.S. The IHO declined to rule on the tuition claim because her order gave the CSE an opportunity to offer an appropriate program for K.S. prior to the start of the 2006-2007 school year. A copy of the IHO decision is submitted herewith as Exhibit I.

19. On January 2, 2007, I sent a written request to the DOE for payment of attorney's fees in the amount of $18,642.50, for 58.9 hours expended. A copy of my attorney's fees request to the DOE is submitted herewith as Exhibit J.

20. The request was accompanied by all documents required by the DOE, including the timesheet of tasks billed, a copy of pertinent documents in the hearing including the decision of the IHO, the client's retainer agreement, an authorization signed by the client to accept statutory attorney's fees from the DOE, and a general release of the DOE signed on behalf of PFCR.

21. The timesheet that was annexed to my fee request to the DOE in B.W.'s case is submitted herewith as Exhibit K. It detailed the following tasks that I performed in the course of my representation: fact-gathering for the hearing (1.4 hours, February 16-March 9, 2006); preparation of a written hearing request (.8 hours, March 16, 2006); waiver of formal resolution session and telephone contact with the DOE, the client and the private school (.7 hours, March 18-28, 2006); subpoena preparation; review and

response to DOE motion to dismiss (2.0 hours, April 11, 2006); review and response to DOE objections to parent's subpoenas (.8 hours, April 18, 2006); written evidence disclosure to DOE (1.1 hours, April 25, 2006); preparation of hearing testimony, and opening and closing statements (3.0 hours, April 26, 2006); attendance on first day of Impartial Hearing, plus two-hour round-trip attorney travel time (4.0 hours, April 27, 2006); review of new DOE exhibits; evidence disclosure to DOE; subpoena preparation (1.0 hours, May 17, 2006); legal research on the child find and least restrictive environment provisions of the IDEA (2.0 hours, May 18, 2006); attendance on second day of Impartial Hearing, plus attorney travel time (7.5 hours, May 24, 2006); witness hearing preparation (2.0 hours, June 7, 2006); attendance on third day of Impartial Hearing (7.5 hours, June 9, 2006); parent and grandmother witness preparation (2.0 hours, June 12, 2006); attendance on fourth day of Impartial Hearing, plus attorney travel time (6.0 hours, June 13, 2006); preparation for the final day of hearing and cross-examination of witnesses (.6 hours, June 16, 2006); attendance on fifth day of Impartial Hearing, plus attorney travel time (8.5 hours, June 19, 2006); review and correction of hearing transcripts (3.0 hours, June 20, 2006); preparation of post-hearing memorandum of law (4.2 hours, June 21-27, 2006); and preparation of attorney's fees claim (.6 hours, December 7, 2006).

    22.    In the exercise of billing judgment, I did not charge for the three hours spent reviewing and correcting hearing transcripts on June 20, 2006, or for the one hour spent preparing a preliminary draft of my post-hearing memorandum of law on June 22, 2006. See Exh. K.

23. PFCR's retainer agreement with plaintiff B.W. provided that no fee would be charged for the legal services rendered to her.

24. B.W. signed an authorization to PFCR to institute a claim on her behalf to secure an award of attorney's fees for services provided in connection with her Impartial Hearing, and to receive such fees on her behalf. B.W.'s authorization for PFCR to claim statutory attorney's fees in connection with Case No. 104295 is submitted herewith as Exhibit L.

25. I attest that I provided the legal services for plaintiff B.W. as described in the timesheet at Exh. K, on the dates specified and for the time periods specified. I prepared this timesheet from contemporaneously maintained records, and all dates, hours and descriptions of tasks performed, as set forth on the timesheet, are true and accurate. All of the tasks billed were non-duplicative, and were reasonable and necessary for the purpose of providing competent and thorough legal representation to plaintiff B.W.

26. In accordance with the IHO's July 31, 2006 order, the CSE reconvened on August 11, 2006 and issued a new IEP for K.S. The August 11, 2006 IEP recommended the same program determined to be defective by IHO Joyner in her July 31, 2006 order – i.e., a general education class with five periods per week of SETSS in a group of eight students. The August 11, 2006 IEP, under the heading "Conference Result," indicated "No Change." A copy of the August 11, 2006 IEP is submitted herewith as Exhibit M.

27. Because the DOE did not comply with IHO Joyner's order, and did not offer K.S. a FAPE, I filed a second Impartial Hearing request on B.W.'s behalf on August 16, 2009. As in the previous hearing, B.W. requested an Impartial Hearing order that the DOE pay for K.S.'s tuition to the Stephen Gaynor School for the 2006-2007 school year.

A copy of the August 16, 2006 Request for Impartial Hearing is submitted herewith as Exhibit N.

28. The second hearing was assigned Case No. 105928, and four days of hearings were held on September 25, October 16, October 17, and October 20, 2006 before IHO Maria L. Marchiano, Esq. On the final day of hearing, the DOE withdrew its opposition to the parent's claims and consented to pay the full tuition of $37,900.00 to the Stephen Gaynor School for the 2006-2007 school year.

29. On October 25, 2006, IHO Marchiano issued a Statement of Agreement and Order. A copy is submitted herewith as Exhibit O.

30. The first hearing achieved independent success because it concluded in an order finding that the DOE had not provided K.S. with a FAPE, and directing the CSE to reconvene and create an appropriate program. The DOE failed to do so, requiring a second hearing, which achieved further educational benefit for K.S. – an order of tuition payment at the Stephen Gaynor School.

31. Following IHO Marchiano's so-ordered settlement, the DOE paid the full tuition to the Stephen Gaynor School as ordered, and paid attorney's fees to PFCR for the second Impartial Hearing. However, despite due demand, the DOE refused to pay fees for the first hearing.

### TASKS PERFORMED – T.S. o/b/o J.W.

32. I represented plaintiff T.S., on behalf of her son J.W., in Impartial Hearing Office Case No. 105046.

33.     In June 2006, at the time the hearing was requested, J.W. was a speech-impaired student attending public school and repeating the third grade for the second time.

34.     In a previous Impartial Hearing held after the DOE had placed J.W. in a general education class despite an IEP requirement that he be placed in a 12:1 special education class, the DOE was ordered to place J.W. in a state-approved non-public special education school. The DOE was unable or unwilling to comply with this previous order, but through the parent's independent efforts, J.W. was accepted at the Cooke Center for Learning and Development (Cooke Center), a private special education school not on the state-approved list used by the DOE.

35.     In this second Impartial Hearing, Case No. 105046, T.S. sought an order declaring that the DOE failed to provide J.W. with a FAPE as required by the IDEA and the previous Impartial Hearing order, and directing the DOE to pay J.W.'s tuition at the Cooke Center, for the 2006-2007 school year. A copy of the Impartial Hearing request dated June 15, 2006 is submitted herewith as Exhibit P.

36.     On June 29, 2006, I served on the DOE copies of the documentary evidence I intended to introduce into evidence in the hearing. A copy of the evidence disclosure is submitted herewith as Exhibit Q.

37.     After a full evidentiary hearing held on July 14, 2006, IHO Susan C. Lushing, Esq. ruled favorably on the parent's requests and ordered the DOE to pay the Cooke Center tuition in the amount of $35,500.00 for the 2006-2007 school year. A copy of the IHO's Findings of Fact and Decision is submitted herewith as Exhibit R.

38. On January 9, 2007, I sent a written request to the DOE for payment of attorney's fees in the amount of $2,512.50, for 7.7 hours expended. A copy of my request to the DOE for payment of attorney's fees is submitted herewith as Exhibit S.

39. The request was accompanied by all documents required by the DOE, including the time log of tasks billed, a copy of pertinent documents in the hearing including the decision of the IHO, the client's retainer agreement, an authorization signed by the client to accept statutory attorney's fees from the DOE, and a general release of the DOE signed on behalf of PFCR.

40. The timesheet that was annexed to my fee request to the DOE in T.S.'s case is submitted herewith as Exhibit T. It details the following tasks that I performed in the course of my representation of T.S.: preparation of a written hearing request (.8 hours, June 15, 2006); hearing preparation, including evidence disclosure (3.0 hours, July 12, 2006); attendance at Impartial Hearing, plus two-hour round-trip attorney travel time (3.5 hours, July 14, 2006); and preparation of the attorney's fees claim (.4 hours, November 1, 2006).

41. PFCR's retainer agreement with plaintiff T.S. provided that no fee would be charged for the legal services rendered to her.

42. T.S. signed an authorization to PFCR to institute a claim on her behalf to secure an award of attorney's fees for services provided in connection with her Impartial Hearing, and to receive such fees on her behalf. T.S.'s authorization for PFCR to claim statutory attorney's fees in connection with her Impartial Hearing is submitted herewith as Exhibit U.

43. I attest that I provided the legal services for plaintiff T.S. as described in the timesheet at Exhibit T, on the dates specified and for the time periods specified. I prepared this timesheet from contemporaneously maintained records, and all dates, hours and descriptions of tasks performed, as set forth on the timesheet, are true and accurate.

44. All of the tasks billed were non-duplicative, and were reasonable and necessary for the purpose of providing competent and thorough legal representation to plaintiff T.S. in the Impartial Hearing.

WHEREFORE, I respectfully request the Court to award reasonable attorney's fees for my work on plaintiffs' behalf in the following amounts: $18,642.50 (B.W. o/b/o K.S.); and $2,512.50 (T.S. o/b/o J.W.).

_____
MARILYN C. MAZUR

Sworn to before me this
20th day of November, 2009

_____
Notary Public

TODD SILVERBLATT
NOTARY PUBLIC, State of New York
No. 02SI6058774
Qualified in Kings County
Commission Expires May 14, 20__