UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
B.W. o/b/o K.S., a minor, and
T.S. o/b/o J.W., a minor,

      Plaintiffs,

  -against-

NEW YORK CITY DEPARTMENT
OF EDUCATION,

      Defendant.
-----------------------------------------------------------x

Civil Action No.
09 Civ. 6686 (RMB) (HBP)

## STATEMENT OF MATERIAL FACTS
## PURSUANT TO
## LOCAL CIVIL RULES, RULE 56.1

MICHAEL D. HAMPDEN (MH 2359)
PARTNERSHIP FOR CHILDREN'S RIGHTS
Attorney for Plaintiffs
271 Madison Avenue, 17th Floor
New York, NY 10016
(212) 683-7999 ext. 226
Fax (212) 683-5544
mhampden@pfcr.org

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
B.W. o/b/o K.S., a minor, and
T.S. o/b/o J.W., a minor,               Civil Action No.
                                        09 Civ. 6686 (RMB) (HBP)
                Plaintiffs,

        -against-                       STATEMENT OF MATERIAL
                                        FACTS PURSUANT TO LOCAL
NEW YORK CITY DEPARTMENT                CIVIL RULES, RULE 56.1
OF EDUCATION,

                Defendant.
-----------------------------------------------------------x

Plaintiffs submit this statement of material facts as to which they contend there is no genuine issue to be tried.

## MATERIAL FACTS COMMON TO BOTH PLAINTIFFS

1.      PFCR, by Marilyn C. Mazur, Esq., represented plaintiffs B.W. and T.S., on behalf of K.S. and J.W., respectively, students with disabilities, in their Impartial Hearings held in accordance with the IDEA. **Am. Compl. ¶ 9; Hampden Aff. ¶ 2; Mazur Aff. ¶¶ 3, 10, 32.**

2.      In 2006, at the time of the Impartial Hearings at issue, PFCR was known as Legal Services for Children, Inc. **Am. Compl. ¶ 10; Hampden Aff. ¶ 3; Mazur Aff. ¶ 3.**

3.      PFCR is a charitable, not-for-profit corporation authorized by the Appellate Division of the Supreme Court of the State of New York to provide legal services without fee to low-income families in civil legal matters involving the rights of children, including children with disabilities seeking special education placements and services to which they may be entitled under the IDEA and state law. **Am. Compl. ¶ 10; Hampden Aff. ¶ 4.**

4. Subsequent to each Impartial Hearing decision PFCR requested the defendant New York City Department of Education (DOE) in writing to pay attorney's fees authorized by the IDEA in connection with each hearing. **Am. Compl. ¶ 16; Hampden Aff. ¶ 9; Mazur Aff. ¶¶ 19, 38; Exhs. J, S.**

5. Both requests for attorney's fees included the following attachments: (1) a chronological timesheet, computed to one-tenth of an hour for each task performed, (2) an affidavit by Ms. Mazur attesting to the provision of the services identified in the request, (3) a copy of the PFCR retainer agreement with the parent, (4) PFCR's hourly rates in accordance with its attorney's fees policy, based on an attorney's years of legal practice, (5) a written authorization by each plaintiff for PFCR to demand and receive such fees and costs, and (6) a general release of the DOE signed on behalf of PFCR. **Am. Compl. ¶ 17; Hampden Aff. ¶ 11; Mazur Aff. ¶¶ 20, 39; Exhs. J, S.**

6. Ms. Mazur's resume was on file with the DOE at the time of her request for attorney's fees in plaintiffs' cases. **Am. Compl. ¶ 9; Hampden Aff. ¶ 12; Mazur Aff. ¶ 5; Exh. A.**

7. Plaintiffs' retainer agreements with PFCR provided that no fees will be charge to plaintiffs for legal services rendered. **Am. Compl. ¶ 18; Hampden Aff. ¶ 13; Mazur Aff. ¶¶ 23, 41.**

8. Plaintiffs signed authorizations to PFCR to institute claims on their behalf to secure an award of attorney's fees for services provided in connection with their Impartial Hearings, and to receive such fees on their behalf. **Am. Compl. ¶ 17; Hampden Aff. ¶ 14; Mazur Aff. ¶¶ 24, 42; Exhs. L, U.**

9. The hourly rate charged by Ms. Mazur was specified in PFCR's written attorney's fees policy, which is based on each attorney's years of legal practice. **Am. Compl. ¶ 21; Hampden Aff. ¶ 17; Mazur Aff. ¶ 9; Exh. B.**

10. At the time the legal services were provided to plaintiffs B.W. and T.S., Ms. Mazur was an attorney with more than 15 years in the practice of law, and as such was at "senior partner" level under the PFCR fee policy, specifying $375.00 per hour. **Hampden Aff. ¶ 17; Mazur Aff. ¶ 9; Exh. A.**

11. No costs were billed for either of the plaintiffs' administrative hearings. **Hampden Aff. ¶ 27; Exhs. K, T.**

12. For plaintiffs' cases, attorney travel time was billed at $187.50, one-half Ms. Mazur's hourly rate. **Hampden Aff. ¶ 27; Exhs. K, T.**

13. In plaintiffs' cases, no bonus or multiplier was used in calculating the fees requested. **Hampden Aff. ¶ 28.**

14. In plaintiffs' cases, no fees were requested in relation to any IEP meeting or mediation. **Hampden Aff. ¶ 28.**

15. In plaintiffs' cases, no fees were requested subsequent to the time of any written offer of settlement to the parent. **Hampden Aff. ¶ 28.**

### MATERIAL FACTS SPECIFIC TO PLAINTIFF B.W.

16. Plaintiff B.W. is the grandmother and legal guardian of K.S., a learning-disabled second-grader attending public school at the time the Impartial Hearing in issue was requested. **Mazur Aff. ¶ 10.**

17. On March 16, 2006, Ms. Mazur filed a written Impartial Hearing request on behalf of B.W., challenging the validity and appropriateness of K.S.'s then-current

Individualized Education Program (IEP) dated December 19, 2005, which recommended a general education class with five periods per week of Special Education Teacher Support Services (SETSS) in a group of eight students. **Mazur Aff. ¶¶ 11, 12; Exh. C.**

18. In the hearing request, B.W. sought the issuance of an order of the Impartial Hearing Officer (IHO) as follows: declaring that the New York City Department of Education (DOE) violated the "child find" provision of the IDEA; finding that the DOE failed to provide K.S. with a free appropriate public education (FAPE) as required by the IDEA; and ordering the DOE to pay for K.S.'s tuition to the Stephen Gaynor School, a private special education school in which B.W. unilaterally enrolled K.S. for the 2006-2007 school year. **Mazur Aff. ¶ 13; Exh. C.**

19. B.W.'s Impartial Hearing, Case No. 104295, was assigned to Impartial Hearing Officer (IHO) Theresa R. Joyner, Esq. **Mazur Aff. ¶¶ 10, 14; Exh. I.**

20. On April 18, May 25, and June 9, 2006, Ms. Mazur served subpoenas for the production of documents by the DOE in connection with the Impartial Hearing. **Mazur Aff. ¶¶ 14; Exh. E.**

21. On April 20, 2006, Ms. Mazur served on the DOE copies of documentary evidence she intended to introduce into evidence in the hearing. **Mazur Aff. ¶ 15; Exh. F.**

22. Five days of hearings were held, on April 27, May 24, June 9, June 13, and June 19, 2006, consuming 958 pages of hearing transcript. **Mazur Aff. ¶ 16; Exh. G.**

23. Ms. Mazur submitted a post-hearing memorandum of law addressing two of the legal issues raised in the hearing: "child find" under the IDEA, and the availability of direct tuition payment by the DOE to the private school as a permissible remedy under the IDEA. **Mazur Aff. ¶ 17; Exh. H.**

24.     IHO Joyner issued her decision on July 31, 2006. In her decision, the IHO found that the DOE violated the child find requirement of the IDEA; determined that the DOE failed to provide a FAPE to K.S.; and ordered the Committee on Special Education (CSE) to reconvene and offer an appropriate program for K.S. **Am. Compl. ¶ 22; Hampden Aff. ¶ 24; Mazur Aff. ¶¶ 18; Exh. I.**

25.     On January 2, 2007, Ms. Mazur sent a written request to the DOE for payment of attorney's fees in the amount of $18,642.50, for 58.9 hours listed. **Mazur Aff. ¶¶ 19; Exh. J.**

26.     Ms. Mazur's January 2, 2007 timesheet asserted that in the course of her representation she performed the following tasks: fact-gathering for the hearing (1.4 hours, February 16-March 9, 2006); preparation of a written hearing request (.8 hours, March 16, 2006); waiver of formal resolution session and telephone contact with the DOE, the client and the private school (.7 hours, March 18-28, 2006); subpoena preparation; review and response to DOE motion to dismiss (2.0 hours, April 11, 2006); review and response to DOE objections to parent's subpoenas (.8 hours, April 18, 2006); written evidence disclosure to DOE (1.1 hours, April 25, 2006); preparation of hearing testimony, and opening and closing statements (3.0 hours, April 26, 2006); attendance on first day of Impartial Hearing, plus two-hour round-trip attorney travel time (4.0 hours, April 27, 2006); review of new DOE exhibits; evidence disclosure to DOE; subpoena preparation (1.0 hours, May 17, 2006); legal research on the child find and least restrictive environment provisions of the IDEA (2.0 hours, May 18, 2006); attendance on second day of Impartial Hearing, plus attorney travel time (7.5 hours, May 24, 2006); witness hearing preparation (2.0 hours, June 7, 2006); attendance on third day of Impartial Hearing (7.5 hours, June 9, 2006); parent and grandmother witness preparation (2.0 hours, June 12, 2006);

attendance on fourth day of Impartial Hearing, plus attorney travel time (6.0 hours, June 13, 2006); preparation for the final day of hearing and cross-examination of witnesses (.6 hours, June 16, 2006); attendance on fifth day of Impartial Hearing, plus attorney travel time (8.5 hours, June 19, 2006); review and correction of hearing transcripts (3.0 hours, June 20, 2006); preparation of post-hearing memorandum of law (4.2 hours, June 21-27, 2006); and preparation of attorney's fees claim (.6 hours, December 7, 2006). **Mazur Aff. ¶ 21; Exh. K.**

27.    The January 2, 2007 timesheet indicated that Ms. Mazur did not charge for three hours spent reviewing and correcting hearing transcripts on June 20, 2006, or for the one hour spent preparing a preliminary draft of her post-hearing memorandum of law on June 22, 2006. **Mazur Aff. ¶ 22; Exh. K.**

28.    In accordance with the IHO's July 31, 2006 order, the CSE reconvened on August 11, 2006 and issued a new IEP for K.S., recommending the same program as it had in the December 19, 2005 IEP that was the subject of the Impartial Hearing – i.e., a general education class with five periods per week of SETSS in a group of eight students. **Mazur Aff. ¶ 26; Exh. M.**

29.    The August 11, 2006 IEP, under the heading "Conference Result," indicated "No Change." **Mazur Aff. ¶ 26; Exh. M.**

30.    Ms. Mazur filed a second Impartial Hearing request on B.W.'s behalf on August 16, 2006, requesting an order that the DOE pay for K.S.'s tuition to the Stephen Gaynor School for the 2006-2007 school year. **Mazur Aff. ¶ 27; Exh. N.**

31.    The second hearing was assigned Case No. 105928, and four days of hearings were held on September 25, October 16, October 17, and October 20, 2006 before IHO Maria L. Marchiano, Esq. **Mazur Aff. ¶ 28; Exh. O at 1.**

32.     On the final day of hearing, the DOE withdrew its opposition to the parent's claims and consented to pay the full tuition of $37,900.00 to the Stephen Gaynor School for the 2006-2007 school year. On October 25, 2006, IHO Marchiano issued a Statement of Agreement and Order. **Mazur Aff. ¶ 28; Exh. O.**

33.     Following IHO Marchiano's so-ordered settlement, the DOE paid the full tuition to the Stephen Gaynor School as ordered, and paid attorney's fees to PFCR for the second Impartial Hearing. **Mazur Aff. ¶ 31.**

### MATERIAL FACTS SPECIFIC TO PLAINTIFF T.S.

34.     Ms. Mazur represented plaintiff T.S., on behalf of her son J.W., in Impartial Hearing Office Case No. 105046. **Am. Compl. ¶ 22; Hampden Aff. ¶ 24; Mazur Aff. ¶ 32.**

35.     In June 2006, at the time the hearing was requested, J.W. was a speech-impaired student attending public school and repeating the third grade for the second time. **Mazur Aff. ¶ 33; Exh. P.**

36.     In a previous Impartial Hearing the DOE had been ordered to place J.W. in a state-approved non-public special education school, but did not do so. **Mazur Aff. ¶ 34; Exh. P.**

37.     Through the parent's independent efforts, J.W. was accepted for the 2006-2007 school year at the Cooke Center for Learning and Development (Cooke Center), a private special education school not on the state-approved list used by the DOE. **Mazur Aff. ¶ 34; Exh. P.**

38.		In this second Impartial Hearing, Case No. 105046, T.S. sought an order declaring that the DOE failed to provide J.W. with a FAPE, and directing the DOE to pay J.W.'s tuition at the Cooke Center for the 2006-2007 school year. **Mazur Aff. ¶ 35; Exh. P.**

39.		On June 29, 2006, Ms. Mazur served on the DOE copies of the documentary evidence she intended to introduce into evidence in the hearing. **Mazur Aff. ¶ 36; Exh. Q.**

40.		After an evidentiary hearing held on July 14, 2006, IHO Susan C. Lushing, Esq. ruled favorably on the parent's requests and ordered the DOE to pay the Cooke Center tuition in the amount of $35,500.00 for the 2006-2007 school year. **Mazur Aff. ¶ 37; Exh. R.**

41.		On January 9, 2007, Ms. Mazur sent a written request to the DOE for payment of attorney's fees in the amount of $2,512.50, for 7.7 hours expended. **Mazur Aff. ¶ 38; Exh. S.**

42.		The request was accompanied by a time sheet of tasks billed, a copy of the decision of the IHO, T.S.'s retainer agreement, an authorization signed by T.S. permitting PFCR to seek and accept statutory attorney's fees from the DOE, and a general release of the DOE signed on behalf of PFCR. **Am. Compl. ¶ 17; Hampden Aff. ¶ 11; Mazur Aff. ¶ 39; Exh. S.**

43.		Ms. Mazur's timesheet in the T.S. case asserted that she performed the following tasks: preparation of a written hearing request (.8 hours, June 15, 2006); hearing preparation, including evidence disclosure (3.0 hours, July 12, 2006); attendance at Impartial Hearing, plus two-hour round-trip attorney travel time (3.5 hours, July 14, 2006); and preparation of the attorney's fees claim (.4 hours, November 1, 2006). **Mazur Aff. ¶ 40; Exh. T.**

Dated: New York, New York
	November 23, 2009

_____
MICHAEL D. HAMPDEN (MH 2359)
PARTNERSHIP FOR CHILDREN'S RIGHTS
Attorney for Plaintiffs
271 Madison Avenue, 17th Floor
New York, NY 10016
(212) 683-7999 ext. 226
Fax (212) 683-5544
mhampden@pfcr.org

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
B.W. o/b/o K.S, a minor, and
T.S. o/b/o J.W., a minor,

        Docket No.
        09 CV 9986 (RMB) (HBP)

        Plaintiffs,

- v -

        CERTIFICATE OF
        SERVICE BY MAIL

NEW YORK CITY DEPARTMENT
OF EDUCATION,
        Defendant.
------------------------------------------------------X

      The undersigned hereby certifies under penalty of perjury that on the 23rd day of November, 2009, he mailed via FedEx Overnight Mail, the attached plaintiffs' Statement of Material Facts Pursuant to Local Civil Rules, Rule 56.1, to counsel for the defendant New York City Department of Education:

Michael A. Cardozo
Corporation Counsel of the City of New York
New York City Law Department
100 Church Street, Room 2-165
New York NY 10007
Attn: D. Alan Rosinus, Esq.
Attorney for Defendant

Dated:     New York, New York
            November 23, 2009

                              MICHAEL D. HAMPDEN (MH 2359)
                              PARTNERSHIP FOR CHILDREN'S RIGHTS
                              Attorney for Plaintiff
                              271 Madison Avenue, 17th Floor
                              New York, NY 10016
                              (212) 683-7999, ext. 226
                              Fax: (212) 683-5544
                              Email: mhampden@pfcr.org