UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

B.W. o/b/o K.S., a minor, and
T.S. o/b/o J.W., a minor,

                                                                                                                                                  09 Civ. 6686 (RMB) (HBP)

                                                  Plaintiffs,

             -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                                  Defendant.

------------------------------------------------------------------------ x


# DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT


                                          MICHAEL A. CARDOZO
                                     Corporation Counsel of the
                                            City of New York
                                       David A. Rosinus, Jr.
                                        Attorney for Defendant
                               100 Church Street, Room 2-165
                                 New York, New York 10007
                                        (212) 788-8316

# **TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    POINT I ...................................................................................................................................... 2
        PLAINTIFF B.W. WAS NOT A PREVAILING PARTY IN CASE NO. 104295

        A.    Applicable Law .......................................................................................................... 2

        B.    Underlying Facts ........................................................................................................ 4

        C.    Analysis ...................................................................................................................... 5

        D.    The Authority Cited by Plaintiffs is Inapposite ........................................................ 8

        E.    <u>Sabatini v. Corning-Painted Post Area Sch. Dist.</u> Does Not Provide a Separate Ground for Relief ..................................................................................................... 11

    POINT II ................................................................................................................................... 14
        EVEN IF PLAINTIFF B.W. WERE A PREVAILING PARTY (WHICH SHE IS NOT), AN AWARD OF ATTORNEYS' FEES SHOULD BE DENIED OR REDUCED

CONCLUSION ............................................................................................................................ 16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

B.W. o/b/o K.S., a minor, and
T.S. o/b/o J.W., a minor,

                                                                                                         09 Civ. 6686 (RMB) (HBP)

                                 Plaintiffs,

               -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                 Defendant.

------------------------------------------------------------------------ x

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

        Plaintiffs bring this lawsuit seeking attorneys' fees and costs arising out of separate administrative hearings brought under the Individuals with Disabilities Education Act ("IDEA") by each Plaintiff. As discussed below, Defendant New York City Department of Education ("DOE") does not dispute that Plaintiff T.S. was a prevailing party in Impartial Hearing Case No. 105046, and the DOE has made payment in full for that hearing.

        The remaining fees request pertains to Impartial Hearing Case No. 104295, in which Plaintiff B.W. sought prospective funding for private school tuition for the 2006-2007 school year. The Impartial Hearing Officer ("IHO") declined to order funding, and instead agreed with the DOE's position that the requested relief for the 2006-2007 school year was premature. Although the IHO found that the DOE had violated the "Child Find" provision of the IDEA and had not offered student K.S. an appropriate placement for the 2005-2006 school year, she also found that the DOE had time to remedy the situation for the then-upcoming 2006-2007

school year. As such, the IHO ordered the DOE to reconvene its Committee on Special Education ("CSE") to propose an appropriate placement for K.S. Pursuant to the IHO's Decision, the DOE reconvened the CSE and issued a new Individualized Education Program ("IEP").

Plaintiffs filed this action on or about July 28, 2009 and served their motion for summary judgment on November 23, 2009. Defendant now submits its Opposition to Plaintiffs' motion on the grounds that Plaintiff B.W. was not a prevailing party at the relevant impartial hearing under applicable law and therefore is not entitled to attorneys' fees and costs. Defendant further argues that, even if Plaintiff B.W. is to be considered a prevailing party, her fees award should be reduced substantially, because she achieved only limited success at the impartial hearing and received none of the relief that she sought.

### T.S. o/b/o J.W., a minor

Defendants do not dispute that T.S., on behalf of J.W., a minor, was a prevailing party in Impartial Hearing Case No. 105046. Defendants represent that have paid Plaintiffs the full amount of attorneys' fees and costs that they have requested in this case for that hearing. Thus, the only dispute that remains concerns B.W. o/b/o K.S., a minor.

### ARGUMENT

### POINT I

### PLAINTIFF B.W. WAS NOT A PREVAILING PARTY IN CASE NO. 104295

A.   **Applicable Law**

The IDEA provides that, "[i]n any action or proceeding brought under [the IDEA], the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B).

A plaintiff prevails under § 1988 and similar fee-shifting statutes when a party achieves "some material alteration of the legal relationship of the parties" that is judicially sanctioned. Roberson v. Giuliani, 346 F.3d 75, 79 (2d Cir. 2003) (quoting Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 (2001)) (internal quotations omitted). These requirements apply in the context of IDEA administrative hearings, where an administrative imprimatur requirement replaces the judicial sanction requirement. A.R. v. New York City Dep't of Educ., 407 F.3d 65, 75-76 (2d Cir. 2005).

A prevailing party must both succeed on a significant claim and also be "afford[ed] some of the relief sought." Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791 (1989). The Second Circuit has noted, in the context of an IDEA proceeding, that a party qualifies as a "prevailing party" if the "relief obtained is of the same general type" as the relief sought by the party when bringing the proceeding. G.M. v. New Britain Bd. of Educ., 173 F.3d 77, 81 (2d Cir. 1999) (citing, inter alia, Texas State Teachers Ass'n, 489 U.S. at 789); see also Raishevich v. Foster, 247 F.3d 337, 345 (2d Cir. 2001). Under the Supreme Court's Buckhannon decision, the prevailing party standard has become more restrictive. Roberson, 346 F.3d at 79-80.

An administrative decision that finds that the district denied a free, appropriate public education ("FAPE") to a student, without relief that alters the legal relationship of the parties, is insufficient to confer prevailing-party status on a parent who seeks attorneys' fees. O'Shea v. Bd. of Educ., 521 F. Supp. 2d 284, 291 (S.D.N.Y. 2007) (citing Buckhannon, 532 U.S. at 603; A.R., 407 F.3d at 67; Roberson, 346 F.3d at 79-80).

**B.     Underlying Facts**

On or about March 16, 2006, Plaintiff B.W. filed an impartial hearing request on behalf of her granddaughter and ward, K.S. See generally Impartial Hearing Request dated Mar. 16, 2006 ("Ex. C").[1]  In that request, B.W. alleged that the DOE had violated the Child Find provision of the IDEA by not evaluating K.S. in a timely manner and that K.S.'s then-current IEP was "invalid" and "inappropriate."  Id. at 1.  B.W. requested relief in the form of tuition payment to the Stephen Gaynor School (a non-approved private school to which, the request indicated, K.S. had been accepted) for the upcoming 2006-2007 school year.  Id. at 2.  It did not seek any other form of relief.  See generally id.

An impartial hearing was subsequently held over the course of five days, beginning in April 2006 and concluding in June 2006.  The IHO issued a decision on July 31, 2006.  See Impartial Hearing Officer's Findings of Fact and Decision, Case No. 104295, dated July 31, 2006 ("Ex. I"), at 3, 13.  The IHO held that the DOE had violated the "Child Find" provision of the IDEA, and that the DOE had not provided a FAPE for the 2005-2006 school year.  Id. at 12-13.  Notably, the IHO, finding that B.W.'s request for tuition payment at the Stephen Gaynor School for the 2006-2007 school year was premature, declined to order that tuition payment, holding instead that the DOE had time to issue a final recommendation that comported with evaluations of K.S. that had been presented at the hearing, and ordering the CSE to reconvene and recommend an appropriate placement within 15 days of the IHO's decision. Id. at 13.

The CSE subsequently reconvened and, after reviewing K.S.'s file, issued a new IEP for K.S. on or about August 11, 2006.  See IEP dated Aug. 11, 2006 ("Ex. M").  The new

---

[1] All exhibits referred to herein were filed by Plaintiffs under seal with the Court on or about November 25, 2009.

4

IEP offered the same program as the old IEP.  Ex. M at 2; see also Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rules, Rule 56.1, dated Nov. 23, 2009 ("Plaintiffs' 56.1 Statement"), ¶ 28; Defendants' Response to Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rule 56.1, dated Jan. 13, 2010 ("Defendants' 56.1 Response), ¶ 28.

B.W. subsequently filed a second impartial hearing request, arising out of the August 11, 2006 IEP, on or about August 16, 2006.  Impartial Hearing Request, dated Aug. 16, 2006 ("Ex. N"), at 1; see also Impartial Hearing Officer's Statement of Agreement and Order, Case No. 105928, dated October 25, 2006 ("Ex. O"), at 2.  During the second impartial hearing, before testimony had been completed, the parties settled the matter, and the DOE agreed to pay K.S.'s tuition at Stephen Gaynor for the 2006-2007 school year.  Ex. O at 2. The IHO memorialized this settlement by ordering the DOE to pay the tuition amount.  Id.  The parties also settled attorneys' fees arising out of that impartial hearing.  Plaintiffs' 56.1 Statement ¶ 33; Defendants' 56.1 Response ¶ 33.

**C.     Analysis**

Plaintiff B.W. was not a prevailing party in Impartial Hearing Case No. 104295 for two reasons.  First, she did not receive any of the relief that she sought.  Second, the IHO's Decision in Case No. 104295 did not materially alter the legal relationship of the parties.

First, in her impartial hearing request that led to the IHO Decision in question, Plaintiff B.W. only sought prospective tuition at a private school for her granddaughter during the then-upcoming 2006-2007 school year. [2]  See Ex. C at 2.  She did not seek the order that the

---

[2] In their moving papers, Plaintiffs claim that B.W.'s impartial hearing request "sought the issuance of an [IHO] order . . . as follows: declaring that the . . . DOE[] violated the 'child find' provision of the IDEA; finding that the DOE failed to provide K.S. with a . . . FAPE[] as required by the IDEA; and ordering the DOE to pay for K.S.'s tuition to the Stephen Gaynor School, a private special education school," for K.S.'s 2006-2007 school year. Plaintiff's 56.1 Statement ¶ 18; see also Mazur Aff. ¶ 13.  However, on its face, B.W.'s impartial hearing request

5

IHO ultimately issued, which simply directed the DOE to reconvene its CSE and reevaluate student K.S. and her program.  Ex. I at 13.  Thus, B.W. and K.S. were plainly not afforded <u>any</u> of the "relief <u>sought</u>," <u>Texas Teachers Ass'n</u>, 489 U.S. at 791 (emphasis added), nor were they given the "same general type" of relief that they sought.  <u>G.M.</u>, 173 F.3d at 81; <u>see also</u> <u>id.</u> ("In applying the prevailing party standard to IDEA cases, we have compared the relief sought by the plaintiff with the relief obtained as a result of the suit.").  Indeed, the IHO found that B.W.'s request for relief in the form of prospective tuition payment was "premature" because the CSE had not yet provided a final recommendation of placement to K.S.  Ex. I at 12-13.  Instead, the IHO gave the DOE the opportunity to, as she put it, "remedy the situation"—a far cry from ordering tuition payment for the upcoming school year, the sole form of relief that B.W. had requested.

Moreover, under the IHO's Decision, B.W. could not have received the relief that she sought, because her claim was not yet ripe.  Nor could the IHO's order to the CSE to reconvene have ultimately resulted in the relief sought.  The CSE's issuance of a new IEP, whether it contained the same program recommendation or a new recommendation, would not under any circumstances have resulted in payment of K.S.'s tuition at the Stephen Gaynor School, which is not approved by the New York State Department of Education to provide special education services.  E.g., <u>J.B. ex rel. E.B. v. Bd. of Educ.</u>, 2001 U.S. Dist. LEXIS 6688, at *9 (S.D.N.Y. May 21, 2001) (Stephen Gaynor School has not "been approved by the NYSED for the provision of special education services"); <u>Matthew S. v. Sobol</u>, No. 90 Civ. 4958, 1991 U.S. Dist. LEXIS 1094, at *2-3 (S.D.N.Y. Jan. 29, 1991) (noting that Stephen Gaynor "voluntarily terminated its participation" in the State-approved program).

---

dated March 16, 2006 only requests payment of tuition at Stephen Gaynor, and nowhere requests the issuance of an order that the DOE violated the Child Find provision or failed to provide K.S. with a FAPE.  <u>See generally</u> Ex. C.

Second, the IHO's Decision did not materially alter the legal relationship of the parties. After it ordered the DOE to reconvene its CSE and issue an appropriate placement for the student, the CSE did reconvene, and it ultimately determined to offer the same placement to K.S. Ex. M at 2; see also Plaintiffs' 56.1 Statement ¶ 28; Defendants' 56.1 Response ¶ 28. In their Memorandum of Law, Plaintiffs contend that the IHO's Decision "effectively invalidated K.S.'s December 19, 2005 IEP," and that, had the DOE issued an IEP with a different placement, it would have thereby complied with the Decision. Plaintiffs' Memorandum of Law, dated Nov. 23, 2009 ("Plaintiffs' Memo. of Law"), 15-16. As a result, Plaintiffs argue, the IHO's Decision in Case No. 104295 should have directly benefited K.S., and as such, B.W. prevailed. Id. 16.[3]

As an initial matter, even if the DOE had issued an IEP with a different placement, it would not have been the relief that B.W. sought, and, as discussed supra, could not even have led to the relief sought. Moreover, contrary to Plaintiffs' reading, the IHO's Decision does not plainly require that the DOE issue a "different placement" in the new IEP. It merely directs the DOE to issue an "appropriate placement" after considering the private evaluations that were presented at that proceeding's impartial hearing. Ex. I at 13. Although the IHO noted in her Decision that K.S. was "at least one grade behind in reading and writing" at the time, and that, as a result, the student had not been appropriately placed, she does not note any particular deficiencies in the then-current placement. Indeed, the IHO only discusses the lack of progress obtained by K.S.'s 2005-2006 placement. Such a determination by nature cannot have any bearing on the appropriateness of a placement for a school year that has not yet happened, because progress (or lack thereof) cannot yet be measured.

---

[3] In so concluding, Plaintiffs tacitly concede that the IHO's Decision, in and of itself, did not in fact provide any benefit to B.W. Thus, under Plaintiffs' own analysis, whether or not the IHO's Decision conferred prevailing party status on B.W. hinges on whether the DOE's conduct in response to the Decision was improper.

7

In light of such a decision, the DOE could have determined, after considering K.S.'s relevant evaluations, that maintaining K.S. in her then-current placement would ultimately yield appropriate educational benefits, even if such benefits had yet to fully materialize. Put somewhat differently, a placement that is inappropriate in the context of one school year because a student has not yet begun to achieve her goals might become appropriate the next school year if and when the student starts making progress toward those goals. As such, the DOE's conduct did not run afoul of the IHO's Decision, and Plaintiffs' argument that that decision should have resulted in benefit to K.S. is unavailing.

Because the IHO's Decision in Case No. 104295 did not materially alter, and need not have materially altered, the legal relationship of the parties, B.W. is not a prevailing party under the IDEA, and Plaintiffs' summary judgment motion as it pertains to her claim should be denied.

**D.      The Authority Cited by Plaintiffs is Inapposite**

In their Memorandum of Law, Plaintiffs cite three district court cases that, they imply, are factually similar to this case in which the plaintiff(s) were held to be the prevailing party. Plaintiffs' Memo. of Law 16. As an initial matter, all of the cases cited in this section of Plaintiffs' brief come from judicial districts outside the Southern District. Moreover, all three cases are readily distinguishable.

In J.S. v. Crown Point Cent. Sch. Dist., the Northern District of New York held that an IHO decision which annulled the relevant IEP, required one half-hour more of instruction per day than that offered in the annulled IEP, and ordered the school district to implement a certain type of teaching methodology was a more favorable array of relief that than offered by the district before the IHO had issued his decision. J.S. v. Crown Point Cent. Sch. Dist., No. 06-

8

CV-159, 2007 U.S. Dist. LEXIS 9455, at *10-11.  Thus, the case did not turn on the issue of prevailing party status—in fact, the parties in J.S. agreed that the plaintiff was a prevailing party, so the court did not even decide the issue.  See id. at *6.

Moreover, unlike the case at bar, the relief granted by the IHO in that case required that substantive additions be made to the new IEP (i.e., by requiring one-half hour more of instruction per day, etc.).  As a result, even if the plaintiff in J.S. merited prevailing party status, that does not mean that Plaintiff B.W. merits such status.

In D.M. v. Bd. of Educ., the second district court case whose facts are discussed in Plaintiffs' Memorandum of Law, the Eastern District of New York held that an IHO decision that so-ordered the terms of a settlement agreement, and in which the IHO retained jurisdiction over the agreement's implementation, conferred prevailing party status on the plaintiffs.  D.M. v. Bd. of Educ., 296 F. Supp. 2d 400, 405-06 (E.D.N.Y. 2003).

Although the IHO did issue what the court called an "interim finding" during the proceedings relevant to D.M. that nullified the relevant IEP and ordered the CSE to reconvene, the plaintiffs sought fees arising out of the IHO's final decision that so-ordered the settlement agreement.  Id. at *5-6.  In that settlement, the parties effectively superseded the interim finding and order and instead agreed on a placement for student D.M. at a charter school that had not previously been identified on any district IEP.  Id. at *5.  Therefore, the Eastern District's order upholding attorneys' fees in D.M. arose out of a final placement that had been so-ordered by the IHO and that materially altered the legal relationship between the parties, not out of a mere direction by the IHO that the CSE reconvene.  The IHO's decision in D.M. was analogous to the IHO's second decision in the case at bar that so-ordered the settlement between B.W. and the DOE, for which B.W. has undisputedly already received attorneys' fees.  Plaintiffs' 56.1

Statement ¶ 33; Defendants' 56.1 Response ¶ 33.  D.M.'s holding therefore has no bearing on the question of whether B.W. is a prevailing party for the purposes of the first hearing in this case.

Finally, in Mavis v. Sobol, the Northern District, in a case that primarily concerned the merits of a district's placement (rather than attorneys' fees awards under the IDEA), held that the IEP at issue was substantively flawed, and ordered that the CSE reconvene and issue a new IEP.  Mavis v. Sobol, 839 F. Supp. 968, 991-92 (N.D.N.Y. 1993).

However, the main issue in Mavis was whether the student in that case had been appropriately mainstreamed in a classroom with non-disabled students, rather than in a primarily segregated setting, as the school district's IEP in that case had provided.  Id. at 972, 989-90.  The court held that, because the school district had "not given [the student] the opportunity to prove that she [could] be successful in a regular classroom" when provided with "supplementary aids and services," it would be "impossible" to determine the appropriate placement for the student on the record, and consequently ordered the CSE to reconvene and place the student in a more mainstream setting.  Id. at 989, 992.  Thus, in Mavis, as in J.S. and unlike the case at bar, the decision affirmatively required that the student's IEP be altered.  Moreover, the only reason that the court in Mavis could not make a more definitive decision concerning the IEP was that the school district had not given the student the opportunity to try out a mainstream setting with appropriate support, whereas in the case at bar, the IHO did not order the relief sought because B.W. had brought her claim prematurely.  Thus, Mavis is distinguishable from the instant case.

Furthermore, the Mavis court's ruling that the plaintiffs were prevailing parties entitled to attorneys' fees appears in one sentence in a one paragraph section at the very end of a twenty-four page opinion, see id. at 992-93, and the court did not provide any analysis in support of that ruling.  Plaintiff B.W. can hardly base her claim for fees here on a single perfunctory

10

sentence at the end of a sixteen-year-old district court opinion from the Northern District of New York.

E.     **<u>Sabatini v. Corning-Painted Post Area Sch. Dist.</u> Does Not Provide a Separate Ground for Relief**

        Plaintiffs argue in the alternative that Plaintiff B.W. should be considered a prevailing party in the first hearing because she was a prevailing party in the second hearing, in which the IHO so-ordered a settlement agreement between the parties.[4] <u>A.R.</u>, 407 F.3d at 78. In support of this contention, Plaintiffs only cite to a Western District of New York case called <u>Sabatini v. Corning-Painted Post Area Sch. Dist.</u>, 190 F. Supp. 2d 509 (W.D.N.Y. 2001). Plaintiffs argue that, because B.W.'s purported success at the first hearing was "inextricably linked" to the relief set forth in the so-ordered settlement agreement that arose out of the second hearing, B.W. should be considered a prevailing party for the first hearing. However, because the facts in <u>Sabatini</u> are distinguishable from the facts of this case, Plaintiffs' argument should be rejected.

        In <u>Sabatini</u>, the parties reached a settlement agreement after the plaintiffs had filed their first impartial hearing request but before the hearing had begun. <u>Id.</u> at 516. The agreement directed the defendant district to engage in a search for a residential placement for the student in that case, and to provide an appropriate program for the then-current school year and the two upcoming school years. <u>Id.</u> The plaintiffs subsequently placed the student at a private school called Mitchell College, but the district refused to pay for the program there on the grounds that the New York State Department of Education had denied approval for the placement because Mitchell was not an approved secondary special education school. <u>Id.</u> The

---

[4] Defendant does not dispute that B.W. was a prevailing party in the second hearing, and the parties do not dispute that the settlement agreement in that case included a settlement of the attorneys' fees arising out of that hearing. Plaintiffs' 56.1 Statement ¶ 33; Defendants' 56.1 Response ¶ 33.

plaintiffs then filed a second impartial hearing request. Id. A hearing was held, and the IHO ultimately decided in favor of the parents, ruling that the district should place the student at Mitchell pursuant to the parties' settlement agreement. Id. at 517. The court held that, on this record, the "plaintiffs' first hearing request was part of a continuing series of events leading up to plaintiffs' ultimate success in this lawsuit," and thereby awarded fees to the plaintiffs. Id. at 517, 523.

Plaintiffs cite no Second Circuit or even Southern District authority for the proposition that the purported linking of the two hearings in this case should confer prevailing party status on B.W. for the first hearing. Moreover, the circumstances of Sabatini are distinguishable from the facts of this case. In Sabatini, the parties first settled their dispute, and only after that settlement's implementation broke down and required enforcement did the parties proceed to a second hearing. At the second Sabatini hearing, the IHO issued a ruling on the merits and directed relief in the form of placement at Mitchell College. Here, by contrast, the parties received a decision directing the DOE to reconvene its CSE after the first hearing, and settled the matter during the second hearing.

If the law required a party that settled a second hearing to be responsible for fees arising out of the first hearing, that might well be a "disincentive" to a school district that might otherwise "voluntarily change its conduct, conduct that may not be illegal" because "the possibility of being assessed attorney's fees may well deter a defendant from altering its conduct." Buckhannon, 532 U.S. at 608. In Sabatini, the Western District faced no such concern, because the second hearing resulted in a ruling on the merits with accompanying relief, not in a so-ordered settlement agreement—a settlement to which the school district might not

have agreed had it known that settling the second hearing would result in fees liability for the first hearing .

Sabatini is also distinguishable because of the degree of reliance that the IHO and the court placed on the settlement arising out of the first hearing in that case.  The IHO in Sabatini had noted in the second hearing's decision that the school district had failed to implement the terms of the settlement agreement, and the court emphasized the importance of the settlement to the second hearing's decision.  Sabatini, 190 F. Supp. 2d at 519.  In this case, by contrast, the IHO manifestly did not rely on the first hearing's result when reaching a decision in the second hearing.  By so-ordering a settlement agreement, the IHO instead relied on the voluntary agreement of the parties, not on any previous IHO decision.  This lack of reliance makes any causal connection between the two hearings much more attenuated than that between the two hearings in Sabatini.

Even more fundamentally, in the case at bar, unlike in Sabatini, the result of the first hearing could not have resulted in the relief granted in the second hearing.  As discussed in Point I.C supra, the IHO in the first hearing held that B.W.'s request for tuition payment at the Stephen Gaynor School, a non-approved private school, was premature, and ordered the CSE to reconvene and issue a final placement recommendation for K.S.  Ex. I at 12-13.  Because the CSE would not have issued an IEP that paid for tuition at Stephen Gaynor under any circumstances due to Stephen Gaynor's non-approved status, there is absolutely no causal connection between the order issued by the IHO in this case's first IHO Decision, on the one hand, and the so-ordered settlement agreement directing the DOE to pay tuition at Stephen Gaynor that concluded the second impartial hearing, on the other.

In a related point, B.W. would have had to bring what became her second impartial hearing regardless of whether there had been a first impartial hearing, because her claim for tuition payment for the 2005-2006 school year was only ripe at the time that she requested the second impartial hearing.  See Ex. N.  It was the passage of time, not the first hearing or its result, that enabled B.W. to bring her second impartial hearing and seek the relief that she ultimately received through settlement (and to receive attorneys' fees for that hearing as part of that settlement).  To award fees for the first hearing only because of the second hearing's result would be to reward B.W. and her counsel for bringing a premature hearing.

Therefore, because the first hearing in B.W.'s case stands wholly separate from her second hearing's result, and was not "part of a continuing series of events leading up to [her] success" at the second hearing, Sabatini, 190 F. Supp. 2d at 517, fees and costs for B.W.'s first hearing should not be awarded.

For the above reasons, Plaintiffs' motion for summary judgment as to B.W.'s attorneys' fees and costs arising out of Impartial Hearing Case No. 104295 should be denied because B.W. did not qualify as a "prevailing party" under the IDEA.

### POINT II

**EVEN IF PLAINTIFF B.W. WERE A PREVAILING PARTY (WHICH SHE IS NOT), AN AWARD OF ATTORNEYS' FEES SHOULD BE DENIED OR REDUCED**

Under the IDEA, a party who has achieved prevailing party status is not automatically entitled to attorneys' fees.  If a court determines that a party qualifies as a prevailing party, "the court must then determine whether, under the appropriate standard, that party should be awarded attorney's fees."  Mr. L. v. Sloan, 449 F.3d 405, 407 (2d Cir. 2006).  Although the nature of the "appropriate standard" as applied to a prevailing plaintiff in the

Second Circuit appears to be an "open question," id., courts have generally held, in the analogous § 1988 context, that at least some of the relief requested must be granted in order to obtain the full request for fees. See Hensley v. Eckerhart, 461 U.S. 424, 435 n.11 (noting that a prevailing party does not necessarily have to obtain all of the "relief requested") (emphasis added); Baird v. Boies, 219 F. Supp. 2d 510, 523-25 (S.D.N.Y. 2002) (reducing fees award by 60% where plaintiffs "achieved remarkably little in comparison to what they sought") (emphasis added); Collins v. Stolzenberg, 970 F. Supp. 303, 305 (S.D.N.Y. 1997) (30% overall reduction of fees held to be appropriate where "relief obtained . . . was minimal") (internal quotations and citation omitted).

As noted in Point I.C supra, the relevant IHO Decision granted Plaintiff B.W. absolutely no relief that she sought in her impartial hearing request. She only sought an award of tuition reimbursement for the upcoming school year; the IHO instead held that such relief would be "premature" and directed the CSE to reconvene. Ex. I at 12-13. It was not until the resolution of the second impartial hearing, by settlement of the parties, that she received tuition payment, and, as previously noted, that settlement also provided for fees arising out of that hearing. Moreover, B.W.'s attorney should have known that the relief sought at the first impartial hearing was premature.

Thus, even if this Court finds that Plaintiff B.W. prevailed in the first IHO Decision (which it should not), Plaintiff B.W.'s award of attorneys' fees should be reduced significantly, or denied outright, because she received none of the relief that she sought in the outcome of the first impartial hearing.[5]

---

[5] Defendant does not dispute the reasonableness of the underlying hourly rate or hours billed in Ex. K for Impartial Hearing Case No. 104295, and only disputes whether, or to what degree, Plaintiff B.W. is entitled as a matter of law to receive attorneys' fees for that hearing.

## CONCLUSION

Based on the foregoing, Defendant New York City Department of Education respectfully requests that Plaintiff's motion for summary judgment be denied, and that Defendant be granted such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          January 13, 2010

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                         City of New York
                        Attorney for Defendant
                        100 Church Street, Room 2-165
                        New York, New York 10007
                        (212) 788-8316
                        arosinus@law.nyc.gov

By:    _____
       David A. Rosinus, Jr. (DR 6431)
       Assistant Corporation Counsel

## CERTIFICATE OF SERVICE

**DAVID A. ROSINUS, JR.** declares under the penalties of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

That on January 13, 2010, I served a true and correct copy of the foregoing Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment, dated January 13, 2010, on counsel for Plaintiffs, Michael D. Hampden, Esq., at his known mailing address: Partnership for Children's Rights, 271 Madison Avenue, 17th Floor, New York, New York, 10016, by causing a true copy of the same, enclosed in a properly addressed, securely sealed, prepaid wrapper to be deposited in a post office box situated in the Borough of Manhattan, City of New York, regularly maintained by the Government of the United States in said City.

Dated:   New York, New York
         January 21, 2010

_____
DAVID A. ROSINUS, JR. (DR 6431)
Assistant Corporation Counsel