UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

B.W. o/b/o K.S., a minor, and T.S. o/b/o J.W., a minor,

                          Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                          Defendant.

------------------------------------------------------------------- x

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

09 Civ. 6686 (RMB) (HBP)

Pursuant to Rule 56.1 of the Local Civil Rules of this Court, Defendant's Response to Plaintiff's Statement of Material Facts Pursuant to Local Civil Rules, Rule 56.1 ("Plaintiff's Statement") is set forth below:

1. In response to paragraph "1" of Plaintiff's Statement, Defendant admits the assertions set forth therein, upon information and belief.

2. In response to paragraph "2" of Plaintiff's Statement, Defendant admits the assertions set forth therein, upon information and belief.

3. In response to paragraph "3" of Plaintiff's Statement, Defendant admits the assertions set forth therein, upon information and belief.

4. In response to paragraph "4" of Plaintiff's Statement, Defendant admits the assertions set forth therein. Exs. J, S.[1]

5. In response to paragraph "5" of Plaintiff's Statement, Defendant admits the assertions set forth therein, upon information and belief. Id.

---

[1] The exhibits to which Defendant refers throughout this document were submitted by Plaintiffs under seal to the Court on or about November 25, 2009.

6. In response to paragraph "6" of Plaintiff's Statement, Defendant denies knowledge or information sufficient to form a belief as to the truth of the assertions therein.

7. In response to paragraph "7" of Plaintiff's Statement, Defendant denies knowledge or information sufficient to form a belief as to the truth of the assertions set forth therein.

8. In response to paragraph "8" of Plaintiff's Statement, Defendant denies knowledge or information sufficient to form a belief as to the truth of the assertions set forth therein.

9. In response to paragraph "9" of Plaintiff's Statement, Defendant denies knowledge or information sufficient to form a belief as to the truth of the assertions set forth therein.

10. In response to paragraph "10" of Plaintiff's Statement, Defendant denies knowledge or information sufficient to form a belief as to the truth of the assertions set forth therein.

11. In response to paragraph "11" of Plaintiff's Statement, Defendant admits the assertions set forth therein.  Exs. K, T.

12. In response to paragraph "12" of Plaintiff's Statement, Defendant admits the assertions set forth therein.  Id.

13. In response to paragraph "13" of Plaintiff's Statement, Defendant admits the assertions set forth therein.  Id.

14. In response to paragraph "14" of Plaintiff's Statement, Defendant admits the assertions set forth therein.  Id.

15. In response to paragraph "15" of Plaintiff's Statement, Defendant denies knowledge or information sufficient to form a belief as to the truth of the assertions set forth therein.

16. In response to paragraph "16" of Plaintiff's Statement, Defendant admits the assertions set forth therein, upon information and belief.

17. In response to paragraph "17" of Plaintiff's Statement, Defendant admits the assertions set forth therein and respectfully refers the Court to B.W.'s impartial hearing request, dated March 16, 2006, and to K.S.'s Dec. 19, 2005 Individualized Education Program ("IEP") for complete and accurate statements of their contents.  See Exs. C, D.

18. In response to paragraph "18" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, except admits that B.W.'s hearing request sought a decision ordering the DOE to pay for K.S.'s tuition to the Stephen Gaynor School for the 2006-2007 school year, and respectfully refers the Court to B.W.'s impartial hearing request dated March 16, 2006 for a complete and accurate statement of its contents.  See Ex. C.

19. In response to paragraph "19" of Plaintiff's Statement, Defendant admits the assertions set forth therein.  See generally Ex. I.

20. In response to paragraph "20" of Plaintiff's Statement, Defendant admits the assertions set forth therein, upon information and belief.  Ex. E.

21. In response to paragraph "21" of Plaintiff's Statement, Defendant admits the assertions set forth therein, upon information and belief.  Ex. F.

22. In response to paragraph "22" of Plaintiff's Statement, Defendant admits the assertions set forth therein.  See generally Ex. G.

- 4 -

23. In response to paragraph "23" of Plaintiff's Statement, Defendant admits the assertions set forth therein, and respectfully refers the Court to the Parent's Post-Hearing Memorandum of Law for a complete and accurate statement of its contents.  See Ex. H.

24. In response to paragraph "24" of Plaintiff's Statement, Defendant admits the assertions set forth therein and respectfully refers the Court to the Impartial Hearing Officer's Findings of Fact and Decision in Case No. 104295, dated July 31, 2006, for a complete an accurate statement of its contents.  See Ex. I at 12-13.

25. In response to paragraph "25" of Plaintiff's Statement, Defendant admits the assertions set forth therein, upon information and belief.  See Ex. J.

26. In response to paragraph "26" of Plaintiff's Statement, Defendant admits the assertions as set forth therein, without taking any position on the veracity of the information in the timesheet itself, and respectfully refers the Court to Exhibit K for a complete and accurate statement of its contents.  See Ex. K.

27. In response to paragraph "27" of Plaintiff's Statement, Defendant admits the assertions set forth therein.  Id.

28. In response to paragraph "28" of Plaintiff's Statement, Defendant admits the assertions set forth therein.  Ex. M at 2; compare Exs. D, M.

29. In response to paragraph "29" of Plaintiff's Statement, Defendant admits the assertions set forth therein.  See Ex. M at 2.

30. In response to paragraph "30" of Plaintiff's Statement, Defendant admits the assertions set forth therein.  See Ex. N.

31. In response to paragraph "31" of Plaintiff's Statement, Defendant admits the assertions set forth therein.  Ex. O at 1.

32. In response to paragraph "32" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, except admits that Defendant agreed to pay the full tuition of $37,900.00 to the Stephen Gaynor School for the 2006-2007 school year as part of a settlement agreement and that the IHO issued a Statement of Agreement and Order on October 25, 2006, and respectfully refers the Court to the IHO's Statement of Agreement and Order in Case No. 105928, dated October 25, 2006, for a complete and accurate statement of its contents. See generally Ex. O.

33. In response to paragraph "33" of Plaintiff's Statement, Defendant admits the assertions set forth therein.

34. In response to paragraph "34" of Plaintiff's Statement, Defendant admits the assertions set forth therein, upon information and belief.

35. In response to paragraph "35" of Plaintiff's Statement, Defendant admits the assertions set forth therein. Ex. P.

36. In response to paragraph "36" of Plaintiff's Statement, Defendant admits the assertions set forth therein.

37. In response to paragraph "37" of Plaintiff's Statement, Defendant denies knowledge or information sufficient to form a belief as to the truth of the assertions set forth therein.

38. In response to paragraph "38" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, except admits that T.S. sought an order directing the DOE to pay J.W.'s tuition at the Cooke Center for the 2006-2007 school year, and respectfully refers the Court to J.W.'s impartial hearing request dated June 15, 2006 for a complete and accurate statement of its contents. See Ex. P.

39. In response to paragraph "39" of Plaintiff's Statement, Defendant admits the assertions set forth therein, upon information and belief. Ex. Q.

40. In response to paragraph "40" of Plaintiff's Statement, Defendant denies the assertions as set forth therein, except admits that the IHO ordered the DOE to pay the Cooke Center tuition in the amount of $35,500.00 for the 2006-2007 school year, and respectfully refers the Court to the Impartial Hearing Officer's Findings of Fact and Decision in Case No. 105046, dated August 1, 2006, for a complete and accurate statement of its contents. See generally Ex. R.

41. In response to paragraph "41" of Plaintiff's Statement, Defendant admits the assertions set forth therein, upon information and belief. Ex. S.

42. In response to paragraph "42" of Plaintiff's Statement, Defendant denies knowledge or information sufficient to form a belief as to the truth of the assertions set forth therein.

43. In response to paragraph "43" of Plaintiff's Statement, Defendant admits the assertions as set forth therein, without taking any position on the veracity of the information in the timesheet itself, and respectfully refers the Court to Exhibit T for a complete and accurate statement of its contents. See Ex. T.

Dated: New York, New York
January 13, 2010

>MICHAEL A. CARDOZO
>Corporation Counsel of the
>  City of New York
>Attorney for Defendants
>100 Church Street, Room 2-165
>New York, New York 10007
>(212) 788-8316
>arosinus@law.nyc.gov
>
>By: _____/s/_____
>David A. Rosinus, Jr. (DR 6431)
>Assistant Corporation Counsel

## CERTIFICATE OF SERVICE

**DAVID A. ROSINUS, JR.** declares under the penalties of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

That on January 13, 2010, I served a true and correct copy of the foregoing Defendant's Response to Plaintiffs' Statement of Material Facts Pursuant to Local Civil Rule 56.1, dated January 13, 2010, on counsel for Plaintiffs, Michael D. Hampden, Esq., at his known mailing address: Partnership for Children's Rights, 271 Madison Avenue, 17th Floor, New York, New York, 10016, by causing a true copy of the same, enclosed in a properly addressed, securely sealed, prepaid wrapper to be deposited in a post office box situated in the Borough of Manhattan, City of New York, regularly maintained by the Government of the United States in said City.

Dated:     New York, New York
           January 21, 2010

                                            _____
                                            DAVID A. ROSINUS, JR. (DR 6431)
                                            Assistant Corporation Counsel

Index No.  09 Civ. 6686 (RMB) (HBP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

B.W. o/b/o K.S., a minor,
T.S. o/b/o J.W., a minor,

                                                          Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                                         Defendant.

**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1**

**MICHAEL A. CARDOZO**
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*New York City Department of Education*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  David A. Rosinus, Jr.*
*Tel:  (212) 788-8316*
*Matter #. 2009-028912*

*Due and timely service is hereby admitted.*

*New York, N.Y.   ............................................................. , 20…...*

*........................................................................................., Esq.*

*Attorney for ..................................................................................*