UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
B.W. o/b/o K.S., a minor, and
T.S. o/b/o J.W., a minor,

                Plaintiffs,              Civil Action No.
                                                           09 Civ. 6686 (RMB) (HBP)

    -against-

NEW YORK CITY DEPARTMENT
OF EDUCATION,

                Defendant.
------------------------------------------------------------x


## PLAINTIFFS' REPLY MEMORANDUM OF LAW


                                                        MICHAEL D. HAMPDEN (MH 2359)
                                                        PARTNERSHIP FOR CHILDREN'S RIGHTS
                                                        Attorneys for Plaintiffs
                                                        271 Madison Avenue, 17th Floor
                                                        New York, NY 10016
                                                         (212) 683-7999 ext. 226
                                                        Fax (212) 683-5544

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT ....................................................................................................................2

    I.    PLAINTIFF B.W. IS A PREVAILING PARTY ELIGIBLE FOR AN AWARD OF REASONABLE ATTORNEY'S FEES.......................................2

        A.    <u>B.W. Obtained the Primary Benefit Sought in Her IDEA Impartial Hearing—The Enforcement of K.S.'s Right to a Free Appropriate Public Education</u>........................................................... 2

        B.    <u>The IHO's Decision Materially Altered the Legal Relationship Between K.S. and the DOE.</u> ................................................... 5

        C.    <u>The DOE's Attempt to Undermine Plaintiffs' Legal Authority Is Unpersuasive.</u> ................................................................. 9

    II.    PLAINTIFF B.W. ACHIEVED SUCCESS WARRANTING A FULL ATTORNEY'S FEES AWARD. ................................................................. 12

CONCLUSION............................................................................................................15

i

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
B.W. o/b/o K.S., a minor, and
T.S. o/b/o J.W., a minor,

       Plaintiffs,

  -against-

NEW YORK CITY DEPARTMENT
OF EDUCATION,

       Defendant.
-----------------------------------------------------------x

Civil Action No.
09 Civ. 6686 (RMB) (HBP)

PLAINTIFFS' REPLY
MEMORANDUM OF LAW

## PRELIMINARY STATEMENT

  Plaintiffs T.S. and B.W. initiated this action against defendant New York City Department of Education (DOE) to seek reasonable attorney's fees and costs as prevailing parties under the Individuals with Disabilities Education Improvement Act of 2004 (IDEA), 20 U.S.C. § 1400 *et seq.* Plaintiffs submit this memorandum of law in reply to Defendant's Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment (Def. Mem.).

  With respect to plaintiff T.S., the DOE paid the attorney's fees and costs requested, $2,512.50, subsequent to the commencement of this action. Def. Mem. at 1–2.

  With respect to plaintiff B.W., the DOE does not dispute the reasonableness of the hours billed or the hourly rate charged by B.W.'s attorney. Def. Mem. at 15 n.5. Consequently, only two disputed issues remain in this litigation: (1) B.W.'s prevailing-party status; and (2) the appropriate amount of a fee award in B.W.'s case.[1]

---

[1] Since B.W.'s eligibility *vel non* for a fee award remains in dispute, we respectfully request that the Court permit plaintiffs to defer their submissions regarding fees and costs incurred in connection with this district court action until after the Court renders a decision on the merits of B.W.'s underlying fee claim.

1

## ARGUMENT

## POINT I

### PLAINTIFF B.W. IS A PREVAILING PARTY ELIGIBLE FOR AN AWARD OF REASONABLE ATTORNEY'S FEES

"A party attains 'prevailing party' status if that party attains success on any significant issue in the litigation that achieves some of the benefit sought in bringing the litigation, and the manner of the resolution of the dispute constitutes a change in the legal relationship of the parties." Mrs. M. v. Tri-Valley Cent. Sch. Dist., 363 F. Supp. 2d 566, 569 (S.D.N.Y. 2002) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). As this Court has explained, the prevailing-party standard "is a generous formulation—even a nominal victory confers 'prevailing party' status, and the requisite change in the parties' legal relationship also presents a very low threshold." Id. (citation omitted) (citing Farrar v. Hobby, 506 U.S. 103, 105 (1992)).

The DOE concedes that the Impartial Hearing Officer (IHO) in B.W.'s case found that the DOE "violated the 'Child Find' provision of the IDEA" and did "not offer[] student K.S. an appropriate placement for the 2005-2006 school year," and that the IHO ordered the Committee on Special Education (CSE) to reconvene "to propose an appropriate placement for K.S." Def. Mem. at 1–2. Nonetheless, the DOE claims that B.W. did not prevail in her impartial hearing, relying on two alternative theories: (1) B.W. "did not receive any of the relief that she sought"; and (2) the IHO's decision "did not materially alter the legal relationship of the parties." Def. Mem. at 5. Each of these theories is erroneous and must be rejected.

A. **B.W. Obtained the Primary Benefit Sought in Her IDEA Impartial Hearing—The Enforcement of K.S.'s Right to a Free Appropriate Public Education.**

The "express purpose of the IDEA is to ensure that a free appropriate public education [FAPE] is 'available to all children with disabilities.'" Frank G. v. Bd. of Educ., 459 F.3d 356,

371 (2d Cir. 2006). As the U.S. Supreme Court recently explained, the IDEA affords parents various "procedural and reimbursement-related rights," but "the provision of a free appropriate public education to a child with a disability" is "the one [mandate] most fundamental to the Act." Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 530 (2007). In her impartial hearing, B.W. demonstrated that the DOE failed to satisfy this most fundamental obligation with respect to K.S. The DOE claims, however, that because the IHO chose to remedy the DOE's denial of FAPE by ordering a CSE review, rather than private school tuition payment, B.W. and K.S. cannot be considered prevailing parties under the IDEA. See Def. Mem. at 5–6.

The DOE does not appear to dispute that FAPE was a significant issue in K.S.'s hearing, or that the IHO ruled in B.W.'s favor on that issue. See Def. Mem. at 5–8. The DOE also does not appear to dispute that the IHO awarded B.W. relief on the merits of her claim, see id.—a hallmark of prevailing-party status under IDEA jurisprudence, A.R. v. N.Y. City Dep't of Educ., 407 F.3d 65, 75 (2d Cir. 2005) ("[A] plaintiff who receives IHO-ordered relief on the merits in an IDEA administrative proceeding is a 'prevailing party.'"); O'Shea v. Bd. of Educ., 521 F. Supp. 2d 284, 289 (S.D.N.Y. 2007) ("[T]he Second Circuit has held that 'an IHO's decision on the merits in an IDEA proceeding' . . . gives rise to prevailing-party status because it changes the legal relationship of the parties and is enforceable by a court." (quoting A.R., 407 F.3d at 76)). Rather, the DOE argues that B.W. is not a prevailing party because the relief she received was not the same relief she requested, or relief of the same general type. Def. Mem. at 5–6.

A parent need not obtain precisely the relief requested in order to become a prevailing party under the IDEA. See G.M. v. New Britain Bd. of Educ., 173 F.3d 77, 81 (2d Cir. 1999) ("'A plaintiff may be considered a prevailing party even though the relief ultimately obtained is not identical to the relief demanded in the complaint, provided the relief obtained is of the same

3

general type.'" (quoting Koster v. Perales, 903 F.2d 131, 134–35 (2d Cir. 1990))); K.R. v. Bd. of Educ., 66 F. Supp. 2d 444, 450 (E.D.N.Y. 1999) ("[E]ven where only interim relief is obtained, a plaintiff will be considered a prevailing party and thus entitled to the award of attorneys' fees where the relief is the result of an assessment of the merits of the claim."); Kerry B. v. Union 53 Pub. Schs., 882 F. Supp. 184, 188 (D. Mass. 1995) ("Plaintiffs who prevail in the sense of obtaining relief that was not requested by them, but that was called into play by their claims, may be entitled to attorney's fees, for they have obtained 'some of the benefit [they] sought in bringing suit.'" (quoting Nadeau v. Helgemoe, 581 F.2d 275, 279 (1st Cir. 1978) (alteration in original)); id. ("Litigation is not an all or nothing endeavor. Many courts have ruled that parents may be considered prevailing parties in an IDEA dispute if they obtain a significant revision of their child's [Individualized Education Program (IEP)], even if they do not obtain the maximal objective of having their child placed in a residential facility.").

IDEA due process complaints are, by nature, less formal documents than complaints filed in federal court. With respect to relief, the IDEA requires simply that due process complaints set forth "a proposed resolution of the problem to the extent known and available to the party at the time." 20 U.S.C. § 1415(b)(7)(A)(ii)(IV). Compare F.R.C.P. 8(a)(3) (requiring that complaints set forth "a demand for the relief sought, which may include relief in the alternative or different types of relief"). Here, B.W.'s due process complaint alleged that the DOE "violated the Child Find provisions of IDEA," and that K.S.'s December 19, 2005 IEP offered a program and placement "inappropriate to [K.S.'s] needs." Exh. C at 1. The complaint then stated: "To resolve this matter, it is requested that the Hearing Officer order the Department of Education to prospectively pay the 2006-2007 tuition directly to the Stephen Gaynor School." Exh. C at 2.

4

The purpose of a private school tuition award is to remedy the denial of FAPE to a disabled student, and a finding that FAPE has been denied is a necessary predicate to awarding tuition payment under Burlington School Committee v. Department of Education, 471 U.S. 359 (1985). Forest Grove Sch. Dist. v. T.A., 129 S. Ct. 2484, 2487–88 (2009) ("We have previously held [in Burlington] that when a public school fails to provide a FAPE and a child's parents place the child in an appropriate private school without the school district's consent, a court may require the district to reimburse the parents for the cost of the private education.").

In the most important sense, the relief the IHO awarded to K.S. was the same type of relief B.W. requested—relief designed to remedy the DOE's denial of FAPE and to ensure that K.S. received an appropriate education during the upcoming 2006–2007 school year. While the IHO elected not to award B.W. tuition payment, she wholly upheld B.W.'s claims that the DOE violated the child-find provisions of the IDEA and denied K.S. a FAPE, and she crafted a remedy designed to address these failures and to ensure that the DOE provided K.S. with an appropriate placement for the 2006–2007 school year. See Exh. I at 13–14.

The result of B.W.'s impartial hearing was successful enforcement of K.S.'s most fundamental right under the IDEA—her right to a FAPE. B.W. is thus a prevailing party eligible for attorney's fees. See G.M., 173 F.3d at 80 ("If the guardian of a child with a disability successfully enforces his or her rights under the IDEA in an administrative action, the statute authorizes courts to award reasonable attorney fees to the guardian.").

**B.   The IHO's Decision Materially Altered the Legal Relationship Between K.S. and the DOE.**

The DOE next asserts that the IHO's decision "did not materially alter the legal relationship of the parties." Def. Mem. at 7. In fact, the IHO's decision altered the legal

relationship between K.S. and the DOE in fundamental, straightforward fashion: It found that the DOE denied K.S. a FAPE and obligated the DOE to replace K.S.'s then-current, inappropriate IEP with a new, appropriate one.[2]

The DOE concedes, as it must, that the IHO found that K.S. "had not been appropriately placed" by the DOE, as evidenced by her "lack of progress" during the 2005–2006 school year. Def. Mem. at 7. In a curious logical turn, however, the DOE asserts that the IHO's decision "d[id] not plainly require that the DOE issue a 'different placement' in the new IEP," Def. Mem. at 7—that is, that the IHO's decision imposed no bar to the DOE placing K.S. for the 2006–2007 school year in precisely the same program in which she did not make progress during the 2005–2006 school year. The DOE therefore disputes that the IHO's decision benefited K.S. and materially altered the legal relationship of the parties. Def. Mem. at 8. The DOE's claim is supported by neither logic nor law and must be rejected.

The lynchpin of the DOE's argument is its assertion that an IHO's determination regarding lack of progress during a prior school year "cannot have any bearing on the appropriateness of a placement for a school year that has not yet happened, because progress (or lack thereof) cannot yet be measured." Def. Mem. at 7. The DOE cites no legal authority to support this assertion. See Def. Mem. at 7–8. This is unsurprising, as it is contrary to law.

As the Second Circuit Court of Appeals has explained: "An IEP is a snapshot, not a retrospective. In striving for 'appropriateness,' an IEP must take into account what was, and was not, objectively reasonable when the snapshot was taken, that is, at the time the IEP was promulgated." D.F. v. Ramapo Cent. Sch. Dist., 430 F.3d 595, 599 (2d Cir. 2005). One critical

---

[2] The IHO's decision stated: "It is Ordered that within fifteen days after the date of this decision, the CSE shall reconvene and recommend an appropriate placement for this student with consideration given to the private evaluations presented at the hearings." Exh. I at 14. The DOE does not dispute that compliance with this order required the CSE to prepare a "new IEP" for K.S. Def. Mem. at 7.

6

element of this calculation is a student's progress, or lack thereof, under prior IEPs, and this Court has repeatedly taken that factor into account in determining whether the student's current IEP (i.e., the IEP at issue in the litigation) is appropriate. See Bougades v. Pine Plains Cent. Sch. Dist., No. 05 Civ. 02861(PGG), 2009 WL 2603110, at **9–11 (S.D.N.Y. Aug. 25, 2009) (concluding that student's 2002–2003 IEP did not allow him to make meaningful progress, and that 2003–2004 IEP was inappropriate because it did not remedy all of prior IEP's deficiencies); M.C. v. Rye Neck Union Free Sch. Dist., No. 06 Civ. 3898(CS)(LMS), 2008 WL 4449338, at *16 (S.D.N.Y. Sept. 29, 2008) ("[B]ecause the 2004-05 IEP mirrored the 2003-04 IEP and B.C. demonstrated significant progress under the 2003-04 IEP, the 2004-05 IEP was reasonably calculated to afford B.C. educational benefit and was therefore substantively adequate to provide B.C. with a FAPE under the IDEA."); Perricelli v. Carmel Cent. Sch. Dist., No. 06 Civ. 2114 (MS)LMS, 2007 WL 465211, at *16 (S.D.N.Y. Feb. 9, 2007) (concluding that 2005–2006 IEP was substantively inadequate because, inter alia, "under an almost identical 2004-05 IEP," which recommended the same program, the student progressed); Straube v. Fla. Union Free Sch. Dist., 801 F. Supp. 1164, 1177 (S.D.N.Y. 1992) ("The continual lack of achievement and educational progress suggests that the IEPs developed for Jack did not yield any educational benefit. Thus, . . . the IEP proposed for 1990-91 which would continue the programs of previous years could only be deemed inappropriate.").

It is apparent that the IHO's decision in fact materially altered the legal relationship of the parties. But for the IHO's decision, the DOE was under no legal obligation to prepare a new IEP for K.S. prior to the 2006–2007 school year. The IDEA permits IEPs to remain in effect for up to one year, 20 U.S.C. § 1414(d)(4)(A)(i), and K.S.'s December 19, 2005 IEP—the IEP challenged at the impartial hearing—explicitly stated that it would remain in effect until

7

December 19, 2006, Exh. D at 2. The IHO's order that the CSE reconvene within fifteen days of the date of her decision (i.e., no later than August 15, 2006) to prepare a new, appropriate IEP for K.S. obligated the DOE to do something that it otherwise would have had no obligation—or inclination, given its claim that the December 19, 2005 IEP was appropriate, Exh. I at 8–12—to do.

K.S. clearly stood to benefit from the IHO's decision. The decision precluded the DOE from leaving an inappropriate IEP in place for K.S. during the upcoming 2006–2007 school year, and entitled K.S. to a new IEP offering an appropriate placement.[3] The decision obligated the DOE to modify its behavior for K.S.'s benefit, materially altering the legal relationship of the parties. See Farrar v. Hobby, 506 U.S. 103, 111–12 (1992) ("In short, a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.").

Of course, the CSE—apparently employing the same pinched and contorted interpretation of the IHO's decision advanced by the DOE here—did not in fact offer K.S. a different, appropriate placement for the 2006–2007 school year. Instead, the CSE relegated K.S. to remain in the same placement that failed to yield progress and denied her a FAPE during the 2005–2006 school year. See Exh. M at 1–2; Def. Mem. at 4–5. The CSE's decision to proceed

---

[3] The fact that the IHO ordered relief affecting the *upcoming* 2006–2007 school year sharply distinguishes this case from O'Shea v. Board of Education, 521 F. Supp. 2d 284 (S.D.N.Y. 2007), cited (but not analyzed) in the DOE's brief, Def. Mem. at 3. O'Shea presented an unusual fact pattern involving two State Review Officer (SRO) decisions issued one day apart. The parents sought attorney's fees for the second SRO decision, which found that they were entitled to tuition reimbursement for the 2001–2002 school year. However, the parents had already become entitled to that same relief one day earlier by virtue of the first SRO decision. The Court therefore found that the second SRO decision was moot, and that it did not materially alter the legal relationship of the parties. O'Shea, 521 F. Supp. at 287, 289–91.
    The DOE cites O'Shea for the proposition that "[a]n administrative decision that finds that the district denied a [FAPE] to a student, without relief that alters the legal relationship of the parties, is insufficient to confer prevailing-party status." Def. Mem. at 3. Here, however, the IHO did not merely make a determination that the DOE denied K.S. a FAPE during a prior school year. Rather, the IHO relied on that finding to award K.S. relief pertaining to the upcoming school year—relief to which, as discussed supra, K.S. otherwise would have had no legal entitlement. Consequently, O'Shea presents no bar to finding that B.W. and K.S. are prevailing parties.

in that manner, while evidencing a blatant disregard for K.S.'s educational well-being, does not change the fact that K.S. stood to benefit from the IHO's decision at the time it was issued. The DOE cannot now rely on the CSE's refusal to implement the IHO's order in anything but the most hypertechnical sense to claim that K.S. was not a prevailing party.

C. **The DOE's Attempt to Undermine Plaintiffs' Legal Authority Is Unpersuasive.**

The DOE characterizes as "inapposite" three cases cited by B.W. to illustrate her prevailing-party status: J.S. v. Crown Point Central School District, No. 8:06-CV-159 (FJS/DRH), 2007 WL 475418 (N.D.N.Y. Feb. 9, 2007), Mavis v. Sobol, 839 F. Supp. 968 (N.D.N.Y. 1994), and D.M. v. Board of Education, 296 F. Supp. 2d 400 (E.D.N.Y. 2003). Def. Mem. at 8–11. The DOE also claims that a fourth case, Sabatini v. Corning-Painted Post Area School District, 190 F. Supp. 2d 509 (W.D.N.Y. 2001), is distinguishable and does not provide B.W. with a basis for relief. Def. Mem. at 11. The DOE's attempt to undermine the weight of this legal authority is unpersuasive and should be rejected.

First, the DOE implicitly attacks all four cases on the ground that they were issued by courts in federal judicial districts other than the Southern District of New York. Def. Mem. at 8, 11–12. Contrary to the DOE's suggestion, it is wholly appropriate, in proceedings before this Court, to cite to the decisions of sister district courts within the Second Circuit. See, e.g., Mrs. M. v. Tri-Valley Cent. Sch. Dist., 363 F. Supp. 2d 566, 569 (S.D.N.Y. 2002) (citing D.M. as relevant authority in IDEA attorney's fees case); In re Krishnaya, 263 B.R. 63, 66 (Bankr. S.D.N.Y. 2001) ("Particularly relevant, in this Court's view, is very recent authority in a sister district, which . . . is, like this Court, bound by decisions of the Second Circuit.").

The circumstances of B.W.'s case are somewhat unusual, and the four cited cases provide factually parallel analyses that, we respectfully submit, are relevant and helpful to this Court's

9

review. Moreover, the DOE has not identified *any* case from *any* jurisdiction with assertedly analogous facts in which the plaintiff was found *not* to be a prevailing party. Rather, the DOE simply attempts to distinguish B.W.'s legal authority. See Def. Mem. at 5–14.

With respect to J.S., the DOE claims that "the court did not even decide the issue" of prevailing-party status. Def. Mem. at 9. This is patently false. The J.S. decision states: "Before the Court addresses the issue of the amount of the attorney's fees award to which Plaintiffs are entitled, if any, it must first resolve the following issues: (1) was Plaintiff D.S. a prevailing party in the underlying administrative proceeding . . . ." J.S., 2007 WL 475418, at *2. While the court noted that the defendant "d[id] not deny" that the plaintiff was a prevailing party, it nonetheless proceeded to decide that issue in the plaintiff's favor. Id. at *3.

The DOE next attempts to distinguish J.S. and Mavis on the ground that those decisions "affirmatively required that the student's IEP be altered." Def. Mem. at 10; see also id. at 8. Essentially, the DOE argues that a parent may obtain prevailing-party status when an IHO issues specific directives for revising a student's IEP, but not when an IHO simply declares that the student's IEP is inappropriate and orders the school district to prepare an appropriate IEP.

Contrary to the DOE's assertion, a parent need not obtain an order containing specific IEP directives in order to attain prevailing-party status. See N.S. v. Stratford Bd. of Educ., 97 F. Supp. 2d 224, 239–40 (D. Conn. 2000) (finding "unavailing" school district's claim that parents were not prevailing parties because IHO "merely remanded . . . for the design of a new IEP"); id. at 240 ("The fact that the hearing officer did not design a new IEP herself does not preclude a determination that N's parents are prevailing parties." (citing Mavis, 839 F. Supp. at 992)).[4]

---

[4] The fact that the N.S. court relied on Mavis to support its decision undercuts the DOE's claims that the Mavis decision is too old, and that the portion of the decision addressing attorney's fees is not long enough, to support B.W.'s attorney's fees claim, see Def. Mem. at 10–11. In any event, case law does not become inapplicable simply

10

The DOE's attempt to undermine the relevance of D.M. is also unavailing. The DOE claims that D.M. "has no bearing on the question of whether B.W. is a prevailing party" because it involved a so-ordered settlement agreement directing the student's placement in a charter school. Def. Mem. at 9–10. In D.M., the parents sought to have the student placed in the Sappo School, a private school they had selected. The IHO held that the student's IEP was inappropriate, but refused to order placement at Sappo, instead ordering (in an interim ruling) that the CSE "reevaluate D.M. and make a new recommendation regarding his classification and placement." D.M., 296 F. Supp. 2d at 402. The ultimate result of the hearing was a so-ordered settlement providing that the student would attend the Riverhead Charter School. Id. at 402–03.

The D.M. court held that although the parents "were not able to place D.M. in the school initially sought, . . . sufficient success was attained to achieve prevailing party status." Id. at 405. Contrary to the DOE's assertion, the relevance of this holding is manifest: B.W. may be considered a prevailing party even though she did not obtain an order directing K.S.'s placement in the Stephen Gaynor School.

With respect to Sabatini, the DOE claims that the case is distinguishable on two grounds: (1) it involved a settlement agreement followed by an IHO ruling on the merits, whereas B.W.'s case involved an IHO ruling on the merits followed by a so-ordered settlement; and (2) the causal connection between the IHO decision and settlement agreement were closer in Sabatini than in B.W.'s case. Def. Mem. at 11–14. The DOE's first claim is easily dismissed, as it

---

by virtue of the passage of time. Cf. Kirby v. Coastal Sales Assoc., 199 F.R.D. 111, 115 (S.D.N.Y. 2001) ("Kirby challenges this court's reliance on *Van Landingham*, pointing out, somewhat less than insightfully, that the case is 'old law.' Old law it may be, but, to the extent it held that a corporation whose charter is suspended for failure to pay taxes lacks capacity to contract, it remains good law."). Moreover, it should be noted that the Mavis order was in fact general in nature and comparable to the one obtained by B.W. here. See Mavis, 839 F. Supp. at 992.

11

presents a distinction without any meaningful difference and is premised upon a policy argument immaterial to the unique facts of this case. See Def. Mem. at 11–14.

The DOE's second claim should also be rejected, because the first and second hearings in B.W.'s case were sufficiently connected to render this case analogous to Sabatini. The DOE erroneously claims that "[i]t was the passage of time, not the first hearing or its result, that enabled B.W. to bring her second impartial hearing and seek the relief that she ultimately received through settlement"—i.e., payment for K.S. to attend the Stephen Gaynor School during the 2006–2007 school year. Def. Mem. at 14. However, B.W.'s second impartial hearing request explicitly invoked the first IHO's decision, finding that the DOE denied K.S. a FAPE, as the basis for B.W.'s renewed tuition claim. Exh. N at 1–2.

The DOE asserts that "[t]o award fees for the first hearing only because of the second hearing's result would be to reward B.W. and her counsel for bringing a premature hearing." Def. Mem. at 14. To the contrary, awarding B.W. attorney's fees here would appropriately redress a course of action by the DOE that repeatedly denied K.S. a FAPE and forced B.W. to utilize not one, but two, impartial hearings to enforce that most fundamental IDEA guarantee.

## POINT II

### PLAINTIFF B.W. ACHIEVED SUCCESS WARRANTING A FULL ATTORNEY'S FEES AWARD

Once the prevailing-party standard has been satisfied, the district court must determine the amount of fees and costs to be awarded. "A district court must calculate fees using the lodestar approach, whereby an attorney fee award is derived by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." I.B. v. N.Y. City Dep't of Educ., 336 F.3d 79, 80 (2d Cir. 2003) (internal quotation marks omitted). The lodestar figure

"may be adjusted based on . . . the 'results obtained,'" but there is "a 'strong presumption' that the lodestar figure represents a reasonable fee." Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999). "[A] party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified." U.S. Football League v. Nat'l Football League, 887 F.2d 408, 413 (2d Cir. 1989); Sheehan v. Metropolitan Life Ins. Co., 450 F. Supp. 2d 321, 326–27 (S.D.N.Y. 2006) (same).

The DOE has not demonstrated that a downward fee adjustment is appropriate in B.W.'s case. The DOE cites three cases to support its argument for a reduced fee award: Hensley v. Eckerhart, 461 U.S. 424 (1983), Baird v. Boies, Schiller & Flexner LLP, 219 F. Supp. 2d 510 (S.D.N.Y. 2002), and Collins v. Stolzenberg, 970 F. Supp. 303 (S.D.N.Y. 1997). Def. Mem. at 15. Hensley does not support the DOE's claim. To the contrary, it indicates that a plaintiff may obtain a full fee award even without obtaining the full relief sought. Hensley, 461 U.S. at 435 n.11 ("Nor is it necessarily significant that a prevailing plaintiff did not receive all the relief requested. For example, a plaintiff who failed to recover damages but obtained injunctive relief, or vice versa, may recover a fee award based on all hours reasonably expended if the relief obtained justified that expenditure of attorney time.").

Baird and Collins are similarly unavailing. Baird was a gender discrimination case in which the court substantially reduced the plaintiffs' attorney's fees award because their "rights were not 'vindicated' in any meaningful way"—the plaintiffs "obtained no declaratory or injunctive relief," secured "no finding or adjudication of discrimination," and accepted "offers of judgment in circumstances that strongly suggest[ed] that they realized their efforts ultimately were likely to fail." Baird, 219 F. Supp. 2d at 524–25. Collins, in turn, was an unlawful termination case where the court reduced the plaintiff's fee award because she "could not prove

13

her claims" against two defendants, and the "jury rejected her claim for punitive damages and limited her compensatory damages to one year's salary only." Collins, 970 F. Supp. at 305.

Neither of these cases involved IDEA claims, and neither bears even the remotest factual resemblance to B.W.'s case. B.W. proved her child-find and FAPE claims against the DOE (the only defendant in the case) and successfully vindicated K.S.'s right to an appropriate education. B.W. achieved a degree of success warranting a full attorney's fees award. Cf. Ms. C. v. Plainfield Bd. of Educ., No. 3:03CV1696 (JBA), 2004 WL 2381724, at **1–3 (D. Conn. Sept. 30, 2004) (refusing to reduce attorney's fees award for limited success where hearing officer found that student was eligible for special education and related services and ordered school district to provide student with FAPE, as well as interim tutoring and counseling, but denied parents' request for compensatory education); id. at *2 ("[A]ll of the substantive issues related to J.H.'s disability, and all of the claimed procedural violations, were resolved in plaintiffs' favor. In this context, plaintiffs' failure to achieve the remedy of compensatory education is insignificant."); cf. also Cabrera v. Astrue, No. 06 Civ. 9918(JCF), 2008 WL 4410094, at *3 (S.D.N.Y. Sept. 29, 2008) (finding "no reduction in attorneys' fees [wa]s appropriate" where court declined to grant plaintiff's claim for disability benefits on the record, but awarded "time-limited remand" for reconsideration of eligibility determination).

Moreover, while the IHO did not award B.W. the tuition payment she requested, "[a]ttorney's fees may be awarded for unsuccessful claims as well as successful ones . . . where they are inextricably intertwined and involve a common core of facts or are based on related legal theories." Quaratino, 166 F.3d at 425 (internal quotation marks omitted). Here, B.W.'s entire case was premised upon the same set of underlying facts related to the DOE's failure to timely identify K.S. as a student with a disability and subsequent failure to appropriately educate

14

her. Moreover, the IHO's award of relief was premised upon the same legal theory that formed the basis of B.W.'s tuition claim—the DOE's failure to provide K.S. with a FAPE as required by the IDEA. The successful and unsuccessful elements of B.W.'s case are "inextricably intertwined," rendering a reduction in attorney's fees inappropriate. Cf. Brady v. Wal-Mart Stores, Inc., 455 F. Supp. 2d 157, 215–16 (E.D.N.Y. 2006) ("The success . . . in this case was neither Pyrrhic nor *de minimis*. To the extent some substantive claims did not succeed, they were inextricably intertwined with others that did. . . . . [The success] has not been complete or without setbacks along the way. But an attorney who loses no battles is not trying hard enough. I therefore decline the defendants' invitation to reduce the lodestar award.").

## CONCLUSION

For these reasons, and those set forth in Plaintiffs' Memorandum of Law in Support of Motion for Summary Judgment Awarding Attorney's Fees and Costs, we respectfully request that the Court award attorney's fees in the amount of $18,642.50 for plaintiff B.W.'s administrative proceedings, and permit plaintiffs to make an application for fees and costs incident to this district court action following issuance of the Court's decision on B.W.'s claim.

Dated:    New York, New York
          January 28, 2010

                          Respectfully submitted,

                          /s/ Michael D. Hampden
                          _____
                          MICHAEL D. HAMPDEN (MH 2359)
                          PARTNERSHIP FOR CHILDREN'S RIGHTS
                          271 Madison Avenue, 17th Floor
                          New York, NY 10016
                          (212) 683-7999 ext. 226
                          Fax (212) 683-5544
                          mhampden@pfcr.org
                          ERIN MCCORMACK-HERBERT,
                              On the Memorandum of Law

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
B.W. o/b/o K.S., a minor, and
T.S. o/b/o J.W., a minor,

                Plaintiffs,

                Civil Action No. 09 CV 6686 (RMB)(HBP)

      -against-

                CERTIFICATE OF SERVICE BY MAIL

NEW YORK CITY DEPARTMENT
OF EDUCATION,

                Defendant.
------------------------------------------------------x

      The undersigned hereby certifies under penalty of perjury that on the 28th day of January 2010, he mailed via first class mail, the attached Plaintiffs' Reply Memorandum of Law, to counsel for the defendant New York City Department of Education:

Michael A. Cardozo
Corporation Counsel of the City of New York
100 Church Street
New York NY 10007
Attn: D. Alan Rosinus, Esq.
Attorney for Defendant
arosinus@law.nyc.gov

Dated:      New York, New York
             January 28, 2010

                              _____
                              MICHAEL D. HAMPDEN (MH 2359)
                              PARTNERSHIP FOR CHILDREN'S RIGHTS
                              Attorney for Plaintiffs
                              271 Madison Avenue, 17th Floor
                              New York, NY 10016
                              (212) 683-7999, ext. 226
                              Fax: (212) 683-5544
                              mhampden@pfcr.org