UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
B.W. o/b/o K.S., a minor, and
T.S. o/b/o J.W., a minor,

                Plaintiffs,         Civil Action No.
                                          09 Civ. 6686 (HBP)

   -against-

NEW YORK CITY DEPARTMENT
OF EDUCATION,

                Defendant.
------------------------------------------------------------x

## MEMORANDUM OF LAW
## IN SUPPORT OF PLAINTIFFS' MOTION FOR AN AWARD
## OF DISTRICT COURT ATTORNEY'S FEES AND COSTS

MICHAEL D. HAMPDEN (MH 2359)
PARTNERSHIP FOR CHILDREN'S RIGHTS
271 Madison Avenue, 17th Floor
New York, NY 10016
(212) 683-7999 ext. 226
Fax (212) 683-5544
mhampden@pfcr.org

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..... 1

STATEMENT OF FACTS ..... 1

### ARGUMENT

PLAINTIFF IS THE PREVAILING PARTY IN THIS DISTRICT COURT ACTION AND IS ENTITLED TO AN AWARD OF REASONABLE ATTORNEY'S FEES AND COSTS IN THE AMOUNT OF $37,419.71.

A. Plaintiffs are entitled to reasonable costs and fees incurred in maintaining this action. ..... 5

B. The hours expended were reasonable. ..... 6

C. The hourly rates are those prevailing in the community and are appropriate under the IDEA. ..... 7

D. The costs billed are appropriate and reasonable. ..... 10

CONCLUSION ..... 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
B.W. o/b/o K.S., a minor, and
T.S. o/b/o J.W., a minor,                              Civil Action No.
                                                       09 Civ. 6686 (HBP)
                Plaintiffs,

        -against-                               MEMORANDUM OF LAW
                                                       IN SUPPORT OF MOTION
NEW YORK CITY DEPARTMENT                               FOR DISTRICT COURT
OF EDUCATION,                                          ATTORNEY'S FEES AND COSTS

                Defendant.
------------------------------------------------------------x

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in support of plaintiffs' motion for an award of attorney's fees and costs incident to this district court action, as permitted by the Court in the concluding section of its Opinion and Order dated June 3, 2010. The Opinion and Order is reported at 2010 WL 2220492.

## STATEMENT OF FACTS

On July 28, 2009, this action was commenced seeking attorney's fees and costs incurred in two administrative proceedings under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. § 1400 et seq. Dkt. No. 1.

The action sought fees and costs in the amount of $18,642.50 in connection with an Impartial Hearing on behalf of plaintiff B.W.; and in the amount of $2,512.50 in connection with an Impartial Hearing on behalf of plaintiff T.S. Am. Compl.; Dkt. No. 6.

1

After the commencement of this action, defendant New York City Department of Education ("DOE") paid the $2,512.50 sought on behalf of plaintiff T.S., leaving only the claim in the amount of $18,642.50 on behalf of plaintiff B.W. in issue.

Following a pretrial conference before Hon. Richard M. Berman on September 9, 2009, the case was referred on consent of the parties to Magistrate Judge Henry B. Pitman for all purposes. Dkt. No. 8. In accordance with the parties' approved case management plan, as subsequently amended, plaintiffs moved for summary judgment on November 23, 2009, defendant served and filed its response on January 13, 2010, and plaintiffs served and filed their reply memorandum of law on January 28, 2010. Dkt. Nos. 7, 20.

The issues were fully briefed by both parties. In their motion, plaintiffs requested leave to submit an application for reasonable fees and costs in connection with the district court action, if they prevailed in their fee request for the administrative proceedings.

The Court issued its Opinion and Order on June 3, 2010, granting plaintiffs' motion for summary judgment and awarding plaintiffs $18,642.50 for the 58.9 hours of work performed in connection with B.W's first administrative hearing. The Court granted leave to plaintiffs to submit documentation of their fees and costs incurred in connection with the district court action by June 18, 2010, which date was extended by the Court upon the plaintiffs' request to June 30, 2010. Dkt. No. 25.

All tasks in relation to this district court action were performed by Partnership for Children's Rights ("PFCR") staff attorneys Michael D. Hampden and Erin McCormack-Herbert. Accompanying this motion are affidavits of both attorneys ("Hampden Aff." and "McCormack-Herbert Aff."). Their affidavits attest to the accuracy and completeness of their respective resumes, which are annexed to this motion as Exhibit A, and to the tasks performed by each as

described in the Attorney's Fees Timesheet, annexed as Exhibit C. See Hampden Aff. ¶¶ 2, 7; McCormack-Herbert Aff. ¶¶ 3, 5.

The hourly rates charged by Mr. Hampden and Ms. McCormack-Herbert are established by the written attorney's fees policy of PFCR, under which hourly rates are set according to an attorney's years of legal practice. Hampden Aff. ¶ 3. The applicable fee schedule for this action is set forth in the PFCR fee policy dated March 31, 2008, which was in effect on the date that the first billable task was performed in this action. This PFCR fee policy is submitted herewith as Exhibit B.

Under PFCR's fee policy, the hourly rate specified in the March 31, 2008 rate schedule applied throughout the duration of this case, notwithstanding that the organization's hourly rates were adjusted during the course of this litigation to reflect increases in prevailing rates in the community. Exh. B; Hampden Aff. ¶ 3.

In accordance with the fee policy, Mr. Hampden's hourly rate is $395.00, applicable to attorneys with 15 or more years of legal practice, and Ms. McCormack-Herbert's rate is $275.00, applicable to attorneys from the beginning of the fourth year to the end of the sixth year of legal practice. As indicated in their resumes, Mr. Hampden was admitted to practice in 1967 and Ms. McCormack-Herbert was admitted to practice in May 2006. See Exh. A.

A timesheet describing chronologically all tasks performed by Mr. Hampden and Ms. McCormack-Herbert is submitted with this application as Exhibit C. The timesheet sets forth the date of each task performed, the hours for each task computed to tenths of an hour, a description of the work performed, the attorney's hourly rate under the PFCR policy, and the fees requested (hours multiplied by rate). Exh. C. The timesheet is compiled from contemporaneous time records kept by Mr. Hampden and Ms. McCormack-Herbert during the course of this action.

Hampden Aff. ¶ 6; Affidavit of Erin McCormack-Herbert in support of district court fee motion, ¶ 4.

Reasonable billing judgment was exercised with regard to all legal tasks performed. In the case of conferences in which both attorneys took part, duplication of tasks was avoided by billing only for Mr. Hampden's time. See Exh. C. Attorney travel time was billed at one-half the attorney's hourly rate. Tasks performed by either attorney that were clerical in nature or could appropriately be performed by a paralegal, were billed at the appropriate rate under the PFCR fee policy ($50.00 for clerical tasks; $100.00 for paralegal tasks).

As detailed in the timesheet at Exhibit C, plaintiffs move for an award of $37,419.71 for this district court action: $36,987.25 in attorney's fees, and $432.46 in costs.

As compiled from the timesheet entries, a total of 124.6 hours were expended in the prosecution of this action. These included 96.2 hours for preparation of legal documents and correspondence (legal research, drafting, editing, proof-reading and cite-checking of legal documents); 3.6 hours for communications with the DOE attorney by telephone, email, or fax; 3.7 hours for in-office conferencing between and among PFCR attorneys; 6.0 hours for out-of-office tasks such as filing and serving papers, and pretrial conferencing with District Judge Berman; and 7.0 hours for essentially clerical and paralegal tasks performed by the attorneys, which are charged at clerical and paralegal rates.[1]

Costs in this action have been billed in the amount of $432.46. These include the district court filing fee ($350.00), round-trip public transportation to court on three occasions ($13.00), six reams of plain paper for exhibits in support of plaintiffs' motion for summary judgment at

---

[1] PFCR has no clerical or paralegal personnel on staff. Attorneys perform these functions with respect to their own cases. When such tasks are billed, clerical or paralegal hourly rates are used.

4

$3.60 per ream ($21.60), and FedEx overnight mailing of the motion for summary judgment and exhibits to defendant's attorney and the Court ($47.86). See Exh. C.

Fees awarded are not payable to any individual PFCR staff person, but are used to strengthen the organization's capability to assist more disabled children in pursuing their urgent educational needs. PFCR is a charitable, not-for-profit corporation authorized by the Appellate Division of the Supreme Court of the State of New York to provide legal services without fee to low-income families in civil legal matters involving the rights of children, including children with disabilities seeking special education placements and services to which they may be entitled under the IDEA and state law. PFCR is a means-based organization for families who would otherwise be financially unable to afford legal representation for their disabled children; and the organization charges no fees to its clients. In addition to charitable giving and foundation grants, PFCR relies on the recovery of statutory attorney's fees allowed by federal law to provide operating revenue for the ongoing work of the organization. Hampden Aff. ¶ 13.

## ARGUMENT

### PLAINTIFFS ARE PREVAILING PARTIES IN THIS DISTRICT COURT ACTION AND ARE ENTITLED TO AN AWARD OF REASONABLE ATTORNEY'S FEES AND COSTS IN THE AMOUNT OF $37,419.71.

**A. Plaintiffs are entitled to reasonable costs and fees incurred in maintaining this action.**

It is axiomatic that in an action for attorney's fees a plaintiff is entitled to be compensated for fees incurred in maintaining the action itself. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Quaratino v. Tiffany & Co., 166 F.3d 422, 428 (2d Cir. 1999); Gagne v. Maher, 594 F.2d 336, 343 (2d Cir. 1979), aff'd, 448 U.S. 122 (1980). The rule has been consistently applied in IDEA cases. A.R. v. New York City Dep't of Educ., 407 F.3d 65, 83 (2d Cir. 2005); G.M. v.

New Britain Bd. of Educ., 173 F.3d 77, 84 (2d Cir. 1999); D.H. by Mr. & Mrs. H. v. Ashford Bd. of Educ., 1 F. Supp. 2d 154, 162 (D. Conn. 1998); Y.O. by Ms. M. v. New Britain Bd. of Educ., 1 F. Supp. 2d 133, 140 (D. Conn. 1998).

A judgment on the merits in a judicial action confers prevailing party status under the IDEA. A.R., 407 F.3d at 74-75; see also G.M., 173 F.3d at 81 (holding that parents are prevailing parties if they succeed in any significant issue that achieves some of the relief sought (citing Texas State Teachers Assn. v. Garland Indep. Sch. Dist., 489 U.S. 782, 789 (1989)). In this action, it is indisputable that plaintiffs prevailed; the Court having granted summary judgment awarding the full amount of costs and fees sought in connection with the B.W. Impartial Hearing.[2]  The Court in its decision expressly permitted plaintiffs to apply for fees relative to the district court action. 2010 WL 2220492, at *16.

### B. The hours expended were reasonable.

The hours spent in maintaining this district court action were reasonable, necessary, and recorded contemporaneously.  Hours billed include review of the underlying administrative records and conferencing with the PFCR attorney who handled the hearings, preparation of the district court summons, complaint, Statement under Rule 56.1, motion for summary judgment and supporting affidavits and exhibits, and preparation of plaintiffs' memoranda of law, including legal research, editing and cite checking.  They also include reasonable time communicating with opposing counsel and the Court, and reasonable conferencing time among PFCR attorneys handling the matter at this level.

---

[2] The fees sought in connection with plaintiff T.S.'s hearing were paid by the DOE after this action was commenced.

6

All tasks billed were necessary and were efficiently performed, and the time spent in the preparation and litigation of this action was prudent and reasonable. This fee request contains no "excessive, redundant or otherwise unnecessary hours," Hensley, 461 U.S. at 434, or hours for work on unsuccessful claims, see Quaratino, 166 F.3d at 425.

This application is accompanied by "contemporaneous time records that specify for each attorney the date, hours expended, and nature of the work done." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). Plaintiff respectfully submits that the documentation here fully measures up to this Court's standards in IDEA cases. See Burr v. Sobol, 748 F. Supp. 97, 100 (S.D.N.Y. 1990) (stating that a district court's review of an attorney's fee request should focus on the "big picture to see if the total time expended for each portion of [the] case was reasonable").

Included in this submission as Exhibit C is plaintiffs' Attorneys' Fees Timesheet detailing the date of each task performed, the hours for each task computed to tenths of an hour, a description of the work performed, the initials of the attorney performing the task, the hourly rate for that attorney, and the fees requested (hours multiplied by rate). Reasonable billing judgment was exercised with regard to all tasks performed. Throughout the litigation, certain tasks have not been charged in the exercise of sound billing judgment; some of these tasks are included in the Timesheet with the notation "NC," indicating "No Charge."

## C. The hourly rates are those prevailing in the community and are appropriate under the IDEA.

The fees requested herein are based on PFCR's written statutory attorney's fees policy that specifies hourly rates for each attorney based on that attorney's experience in the practice of

law. A copy of the March 31, 2008 PFCR attorney's fees policy in effect when the first billable task was performed in this proceeding is included in these submissions as Exhibit B.

Hourly rates set forth in PFCR's attorney's fees policy are those "prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished," 20 U.S.C. § 1415(i)(3)(C), and "prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience," id., § 1415(i)(3)(F).

In M.S. v. New York City Bd. of Educ., Nos. 01 Civ. 4015 (CBM), 01 Civ. 10871 (CBM), 01 Civ. 10872 (CBM), 2002 WL 31556385, at *5, this Court approved PFCR's hourly rate then in effect of $350.00 for partner-level attorneys, and that rate was affirmed by the Second Circuit Court of Appeals in A.R., 407 F.3d at 83. Since the M.S. and A.R. decisions, rendered in 2002 and 2005 respectively, PFCR has made modest adjustments in its hourly rates to reflect increases in prevailing rates charged by education law attorneys in this District and rates approved by this Court. The partner-level rate requested for Mr. Hampden in this application ($395.00) is only $45.00 higher than the $350.00 rate approved eight years ago by this Court in M.S., 2002 WL 31556385, at *5, and affirmed five years ago by the Court of Appeals in A.R., 407 F.3d at 83. The partner-level hourly rate utilized for Mr. Hampden is only $20.00 higher than the $375.00 rate approved by this Court eleven years ago in Mr. X v. New York State Educ. Dep't., 20 F. Supp. 2d 561, 565 (S.D.N.Y. 1998).

Further, Mr. Hampden's and Ms. McCormack-Herbert's hourly rates are in line with rates approved by this Court in the recently decided case of L.V. v. New York City Department of Education, No. 03 Civ. 9917 (RJH), 2010 WL 1244287 (S.D.N.Y. Mar. 31, 2010). In that case, attorneys at Advocates for Children, Inc. ("AFC"), a New York City not-for-profit education-law advocacy organization like PFCR, participated with a private firm serving on a

pro bono basis. The approved hourly rates in L.V. lend support to the PFCR rates for which plaintiffs seek approval here: AFC attorneys in L.V. with substantially less experience than Mr. Hampden were approved for rates of $350.00 (Matthew Lenaghan, Esq. and Rebecca Shore, Esq., 1999 law school graduates) and $375.00 (Elisa Hyman, Esq., 1991 law school graduate). See id., at *8-9.

For Miranda Johnson, Esq., a 2006 law school graduate with one year less experience than Ms. McCormack-Herbert, the Court in L.V. approved the same $275.00 rate requested herein for Ms. McCormack-Herbert. See id., at *8.

As documented in their resumes (Exh. A), both Mr. Hampden and Ms. McCormack-Herbert have substantial experience in special education hearings and appeals. "[T]he experience, reputation, and ability of the attorneys" are factors that are relevant to the determination of a district court's fee award. Hensley, 461 U.S. at 430 n. 3.

Attorney travel time has been billed at one-half the attorney's full rate, in accordance with this Court's rule in Mr. X, 20 F. Supp. 2d at 564. Cf. C.G. v. New Haven Board of Education, 988 F. Supp. 60, 68 (D. Conn. 1997) (holding that attorney travel time was fully compensable). All clerical tasks, including travel that could be performed by clerical personnel, was billed at $50.00 per hour, the rate approved by this Court in Hutchinson v. McCabee, No. 95 Civ. 5449 (JFK), 2001 WL 930842, at *7 (S.D.N.Y. Aug. 15, 2001). Tasks that could be performed by paralegal assistants were billed at the hourly rate for paralegals specified by the PFCR attorney's fees policy. In accordance with the IDEA, 20 U.S.C. § 1415(i)(3)(C), no bonus or multiplier was used in calculating the fees requested.

**D. The costs billed are appropriate and reasonable.**

The only costs included in plaintiffs' request are for the district court filing fee of $350.00, see, e.g., B.P. v. Charlotte-Mecklenburg Bd. of Educ., No. 3:06-cv-445, 2010 WL 1418334, at *8 (W.D.N.C. Apr. 2, 2010); out-of-pocket travel expense, see, e.g., King v. Floyd County Bd. of Educ., 5 F. Supp. 2d 504, 511 n.15 (E.D. Ky. 1998), reversed on other grounds, 228 F.3d 622 (6th Cir. 2000); duplicating expense for documentary exhibits of substantial length (three copies at approximately 1,000 pages each), see, e.g., L.V., 2010 WL 1244287, at *13 (holding that photocopying expenses are reasonable in light of number of documents necessary to the case); and FedEx charges for overnight mail of plaintiffs' summary judgment motion papers to the Court and to opposing counsel, see, e.g., B.K. v. Toms River Bd. of Educ., 998 F. Supp. 462, 476 (D.N.J. 1998) ("[C]ourts have awarded expenditures such as photocopying, travel, long distance telephone and postage to prevailing IDEA plaintiffs as part of their attorneys' fee award.").

## CONCLUSION

WHEREFORE, for the reasons stated herein and in all the papers and proceedings had herein, plaintiffs respectfully request that an award of attorney's fees and costs be made to PFCR in the total amount of $37,419.71.

Plaintiffs respectfully request leave to request additional fees or costs if substantial additional litigation is required in connection with this motion.

Dated:    New York, New York
          June 28, 2010

10

Respectfully submitted,

_____
MICHAEL D. HAMPDEN (MH 2359)
Attorney for Plaintiffs
PARTNERSHIP FOR CHILDREN'S RIGHTS
271 Madison Avenue, 17th Floor
New York, NY 10016
(212) 683-7999 ext. 226
Fax (212) 683-5544
mhampden@pfcr.org

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
B.W. o/b/o K.S, a minor, and
T.S. o/b/o J.W., a minor,

              Docket No.
              09 CV 9986 (RMB) (HBP)

        Plaintiffs,
  - v -

              CERTIFICATE OF
              SERVICE BY MAIL

NEW YORK CITY DEPARTMENT
OF EDUCATION,
        Defendant.
-----------------------------------------------------X

    The undersigned hereby certifies under penalty of perjury that on the 28th day of June 2010, he served the attached Plaintiffs' Memorandum of Law in support of Motion for an Award of District Court Attorney's Fees and Costs.

    Service was made by first class mail to counsel for the defendant New York City Department of Education:

Michael A. Cardozo, Corporation Counsel of the City of New York
New York City Law Department
100 Church Street, Room 2-165
New York NY 10007
Attn: D. Alan Rosinus, Esq., Attorney for Defendant

Dated:    New York, New York
             June 28, 2010

                                            _____
                                            MICHAEL D. HAMPDEN (MH 2359)
                                            PARTNERSHIP FOR CHILDREN'S RIGHTS
                                            Attorney for Plaintiff
                                            271 Madison Avenue, 17th Floor
                                            New York, NY 10016
                                            (212) 683-7999, ext. 226
                                            Fax: (212) 683-5544
                                            Email: mhampden@pfcr.org